James M. Sitkin, Esq. (SBN 107650)
LAW OFFICES OF JAMES M. SITKIN
One Kaiser Plaza, Suite 505
Oakland, CA  94612
Telephone: (415) 318-1048
Facsimile:  (415) 362-3268
jsitkin@sitkinlegal.com

Robert D. Soloff, Esquire
ROBERT D. SOLOFF, P.A.
7805 SW 6th Court
Plantation, FL 33324
Telephone: (954) 472-0002
Fascimile: (954) 472-0052
robert@solofflaw.com

(See attached for additional counsel)

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TANSEER KAZI and LINDA SCHEID, individually and on behalf of all those similarly situated,<br><br>        Plaintiffs,<br><br>        vs.<br><br>PNC BANK, N.A., and DOES 1-100 inclusive,<br><br>        Defendants. | Case No. 3:18-cv-04810-JCS<br><br>CLASS ACTION<br><br>[Hon. Mag. Judge Joseph C. Spero]<br><br>SECOND AMENDED COMPLAINT FOR VIOLATION OF CALIFORNIA LABOR CODE, CALIFORNIA INDUSTRIAL WELFARE COMMISSION ORDERS, AND CALIFORNIA UNFAIR COMPETITION LAW<br><br>DEMAND FOR JURY TRIAL |

**Attachment to First Amended Complaint**

**Kazi v. PNC Bank, N.A.**

The names, addresses, and telephone numbers of Plaintiffs' additional attorneys are:

Justin Swidler, Esq.
SWARTZ SWIDLER, LLC
1101 Kings Hwy. N., Suite 402
Cherry Hill, NJ 08034
Telephone: (856) 685-7420
Fascimile: (856) 685-7417
jswidler@swartz-legal.com

Marc A. Silverman, Esquire
FRANK, WEINBERG & BLACK, P.L.
7805 SW 6th Court
Plantation, FL 33324
Telephone: (954) 474-8000
Fascimile: (954) 474-9850
msilverman@fwblaw.net

Plaintiffs TANZEER KAZI and LINDA SCHEID (Plaintiffs), on behalf of themselves and all others similarly situated, demanding trial by jury, allege as follows:

PARTIES

1.      Plaintiffs are informed and believe, and thereon allege, that defendant PNC BANK, N.A. (hereinafter "PNC") was and is a company in the business of banking, including specifically making residential mortgage loans, within the State of California.     Unless otherwise stated, all references herein are to PNC's policies and practices within the State of California since four years before the filing of the original Complaint herein on June 28, 2018.

2.      Plaintiffs are adult individuals, competent to bring this action.  Plaintiffs are citizens and residents of the State of California. The day after the original filing of this legal action, PNC terminated Plaintiff Tanseer Kazi's employment in California as a Mortgage Loan Officer.  At the filing of the First Amended Complaint, PNC employed Plaintiff Linda Scheid in California as a Mortgage Loan Officer, but subsequently terminated her. Plaintiffs, like other PNC Mortgage Loan Officers, have been responsible for originating and producing residential mortgage loans for potential borrowers from PNC, in accordance with PNC's established policies and procedures.

3.      PNC has wrongly failed to  provide paid rest periods (as that term is defined in California Wage Order 4-2001, § 12) or in their absence pay added wages (hereinafter "premium wages"), failed timely to pay all accrued premium wages for missed rest periods on termination of employment, failed to provide properly itemized pay statements that reflect missed rest periods or premium wages owed in their absence, and failed to maintain proper time/pay records to or for Plaintiffs and other of its former and present employees whom it employed as Mortgage Loan Officers as California law requires and as alleged below in greater detail.

4.      Plaintiffs are ignorant of the true names and/or capacities of the defendants sued herein as Does 1-100, inclusive, and therefore sue these defendants by such fictitious names.  Plaintiffs will amend the complaint to allege their true names and capacities when ascertained.  Plaintiffs are informed and believe, and thereon allege, that each of the fictitiously named defendants is legally

-1-

responsible for the occurrences herein alleged and that plaintiffs' losses and damages are the result of their wrongful conduct.  PNC and Does 1-100 are hereinafter collectively referred to as "Defendants."

### JURISDICTION AND VENUE

5.     Throughout the relevant period, PNC has conducted its business in this judicial district. For example, PNC maintains an office at 5700 Stoneridge Mall Rd Suite 150, Pleasanton, CA 94588. Also, within the last year preceding the filing of this legal action, Plaintiff Tanseer Kazi performed services for PNC within the county of Alameda, California, for which days of work PNC was required to provide a rest period but failed to do so and then did not pay a premium wage.

6.     This case was originally filed in the Superior Court in and for the County of Alameda, California.   Defendant PNC removed this case to the U.S. District Court for the Northern District of California, invoking to 28 U.S.C. §§ 1332(d), 1441, and 1446.

### CLASS ACTION ALLEGATIONS

7.     Plaintiffs' claims alleged herein are brought individually on behalf of the Plaintiffs and in a representative capacity on behalf of similarly situated current and former Mortgage Loan Officers. Plaintiffs assert violations of California law on behalf of themselves and all others similarly situated, who are described as follows: all persons whom PNC employed in the State of California as a Mortgage Loan Officer at any time since four years before the filing of this legal action until such time as there is a final disposition of this lawsuit (hereinafter the "Class").

8.     Plaintiffs, who seek to serve as representatives of the Class, are members of the Class. Like the other members of the Class, Plaintiffs suffered some form of injury of which complaint is herein alleged on behalf of the Class whom Plaintiffs seek to represent, including not having been provided paid rest periods required by their non-exempt employee status in violation of California law.  This includes not having received properly itemized pay statements identifying missed rest periods and premium wages owed for missed rest periods in violation of California law, not having

-2-

been timely paid accrued final wages, not having been provided rest periods or paid premium pay in their absence, and not receiving pay for time worked which was not directly related to the work for which they are paid a piece-rate, in violation of California law.  In addition, Plaintiffs are informed and believe, and thereon allege, that Defendants have not maintained pay/time records for Plaintiff and the Class in violation of California law.

9.      Plaintiffs are unable to state the exact number of the Class.  Plaintiffs are informed and believe, and thereon allege, that the Class exceeds 100 persons and are geographically dispersed, including across several counties in California.  The members of the Class are so numerous as to make joinder impracticable. Plaintiffs are informed and believe, and thereon allege, that Defendants have identified or can readily identify members of the Class, but that it is impractical, in light of their number and geographic diversity to bring them all before this Court as named plaintiffs.

10.     The common questions of law or fact, which are of general interest, predominate over any questions affecting individual class members only, rendering a class action a superior to other available methods for the fair and efficient adjudication of the controversy.  These questions are such that proof of a state of facts common to the members of the Class will entitle each member of the Class to some form of relief as requested in this Complaint.  The questions of law or fact common to the Class, include, but are not limited to, the following examples:

a.      The rights that are the subject of this litigation are held in common by the Class' members, including Plaintiffs, arise under California law.  The Class' claims for violation of California Business & Professions Code §§ 17200, et seq. insofar as failure to provide rest periods or  in their absence pay premium wages, failure to pay for time worked which is not directly related to the work for which they are paid a piece-rate, failure timely to pay final accrued premium wages on termination of employment, failure to provide accurate and complete itemized pay statements, and failure to maintain time/pay records  rely on the California Labor Code or Industrial Welfare Orders  as predicate unlawful acts to support a finding that Defendants have engaged and are engaging in unfair business practices.

-3-

b.     Since at least four years before the filing of this legal action, Defendants have had a uniform policy and practice for Plaintiffs and the Class of not paying premium wages for missed rest periods, not separately paying for time not directly related to the piece-rate ("non-productive time"), not providing properly itemized pay statements that accurately reflect missed rest periods and premium wages for missed rest periods, not timely paying final accrued wages on termination of employment, and, according to Plaintiffs' information and belief, not maintaining records that accurately reflect hours worked and applicable hourly rates.

c.     Since at least four years before the filing of this legal action, Defendants have had a policy and a uniform practice of paying Plaintiffs and the Class on a commission basis. While nominally stating that Plaintiffs and the Class are entitled to minimal hourly compensation, Defendants recapture such hourly compensation as a credit against commissions earned in the same or other pay periods.  Whether this common compensation practice satisfies the requirement under California law that rest periods be paid is a common question.

d.     During the relevant time, whether or not Defendants have acted in good faith so as to avoid penalties sought herein is a common question.

11.     Plaintiffs will fairly and adequately protect the interests of the Class, whom Plaintiffs seek to represent.  Plaintiffs' legal counsel, who is competent and experienced in wage and hour class action litigation, will also fairly and adequately represent the Class.

12.     The claims of the Plaintiffs are typical of the claims of the Class they would represent. Plaintiffs are not asserting any individual claims qualitatively different from the Class claims.

13.     The prosecution of separate actions by individual Class members would create the risk of inconsistent or varying adjudications of California law in different courts with respect to individual Class members, which could establish incompatible standards of conduct for Defendants.

14.     Plaintiffs are informed and believe, and thereon allege, that Defendants, in refusing to pay and provide or pay employee benefits as herein alleged to or for the members of the Class, including Plaintiffs, have acted and refused to act on grounds generally applicable to all claims, thereby making appropriate injunctive and monetary relief for all members of the Class.

-4-

15.    Wherefore, a well-defined community of interest exists among the members of the Class, including Plaintiffs.

FACTUAL ALLEGATIONS

Summary

16.    Except where otherwise alleged, the following circumstances have existed since at least four years before the filing of this legal action and apply to the members of the Class, including Plaintiffs.  PNC has paid the Class Members on the basis of commissions earned for loans made.  PNC nominally also has stated that the Class Members have been entitled to hourly pay in the event that the commissions did not rise to a specified level.  However, any such hourly payments to Class Members have been subject to having been credited against commissions earned and thereby recaptured by Defendants. Consequently, Defendants have not paid the Class Members separate compensation as required for commission employees under California law.  Defendants therefore have not provided the Class Members with rest periods that have been compliant with California law that at all relevant times has required that rest periods be separately compensated for piece rate employees.  Additionally, Defendants' pay structure fails to pay for non-productive time such as: training sessions, webinars, meetings, including weekly staff meetings, driving, booting up a work computer, logging into Defendant's computer system, installing software and security updates on work computers, logging into Defendant's network, performing security opening procedures at a branch, and similar duties where Class Members are not selling loan products.

17.    With notice to Defendants, Plaintiffs and the Class regularly have worked sufficient hours to trigger Defendants' obligation to provide a compliant rest period.  Defendants have not provided compliant rest periods as required by California IWC Wage Order No. 4-2001 and California Labor Code §226.7 by failing to provide Plaintiffs and the Class paid ten (10) minute uninterrupted rest periods as set forth under California law for daily work periods in excess of 3.5 hours, nor paid premium wages in the absence of such required, paid, uninterrupted daily rest periods.

-5-

18.     The itemized pay statements that Defendants have provided to Plaintiffs and the Class Members have not identified missed rest periods and have not identified all premium wages to which Plaintiffs and the Class have been entitled.

19.     Plaintiffs are informed and believe, and thereon allege, that Defendants' time and pay records are similarly inaccurate and do not accurately record missed rest periods and premium wages owed.

20.     Class members who have terminated their employment have not been paid accrued wages represented by the premium wages owed for missed rest periods in a timely manner.

21.     Defendants' failure to provide rest periods and in their absence to have paid premium wages has not been the result of clerical error or inadvertence but the result of a deliberate decision to adopt the above-described compensation model.

FIRST CLAIM BY PLAINTIFFS ON BEHALF OF THEMSELVES AND THE CLASS AGAINST ALL DEFENDANTS FOR VIOLATION OF CALIFORNIA LABOR CODE AND CALIFORNIA INDUSTRIAL COMMISSION WAGE ORDERS –REST PERIODS
(Class Claim)

22.     Plaintiffs hereby incorporate by reference as though fully set forth at length herein all prior Paragraphs of this Complaint.

23.     As hereinabove alleged, Defendants willfully failed to provide paid rest periods or pay premium wages in lieu thereof as required by California Labor Code § 226.7, Wage Order 4-2001, § 12, and comparable paragraphs in any other applicable Wage Order.  Defendants therefore breached their duties to Plaintiffs, and other members of the Class who have performed services since three years before the filing of this legal action, under the California Labor Code and California Industrial Welfare Commission Wage Order 4-2001 or any other applicable Wage Order.

24.     Defendants willfully failed to pay all termination wages, including accrued added wages for missed rest periods and wages for failing to pay for non-productive time, within the time limits set forth for the payment of termination wages under California Labor Code §§201-203.  Defendants therefore breached their duties to the members of the Class who terminated their

-6-

employment with PNC since three years before the filing of this legal action, under the California Labor Code.  Plaintiffs request that Defendants be required to pay the members of the Class who have terminated their employment with PNC at any time since three years before the filing of this legal action, waiting time penalties under California Labor Code § 203.

25.     Plaintiffs request that Defendants be required to pay to them and other members of the Class who performed services in California for PNC at any time since three years before the filing of this legal action premium wages for missed rest periods, and any applicable statutory penalties. Plaintiffs further request that any unpaid residue be ordered paid "to nonprofit organizations or foundations to support projects that will benefit the Class or similarly situated persons, or that promote the law consistent with the objectives and purposes of the underlying cause of action, to child advocacy programs, or to nonprofit organizations providing civil legal services to the indigent…" as provided under California Code of Civil Procedure § 384(b).

26.    In pursuing the claims alleged herein, including their investigation and litigation, Plaintiffs have incurred or will incur attorneys' fees (and paralegal fees) and costs for which Plaintiffs seek reimbursement from Defendants.  These costs include, but are not limited to, filing fees, deposition charges, service of process fees, photocopying, telephone charges, fax charges, postage charges, travel/transportation expenses, messenger and other delivery charges, expert/consultant expenses, expenses associated with the preparation of evidence for presentation at trial, and other charges customary to the conduct of litigation. An award of such fees and costs is appropriate because the prosecution of this action will result in in the enforcement of an important right affecting the public interest as (a) a significant benefit, whether pecuniary or non-pecuniary, will be conferred on the general public or a large class of persons, (b) the necessity and financial burden of private enforcement are such as to make the award appropriate, and (c) such fees should not in the interest of justice be paid out of the recovery.

Wherefore, Plaintiffs pray for a judgment and a decree as hereinafter set forth.

-7-

SECOND CLAIM BY PLAINTIFFS ON BEHALF OF THEMSELVES AND THE CLASS
AGAINST ALL DEFENDANTS FOR VIOLATION OF CALIFORNIA LABOR CODE AND
CALIFORNIA INDUSTRIAL COMMISSION WAGE ORDERS – UNPAID NON-PRODUCTIVE
TIME
(Class Claim)

27.     Plaintiffs hereby incorporate by reference as though fully set forth at length herein all prior Paragraphs of this Complaint.

28.     Defendants willfully failed to pay Plaintiffs and Class Members for non-productive time.  Specifically, the pay system implemented by Defendants does not provide separate hourly pay for non-productive time, including time spent engaging in training sessions, weekly meetings, and driving.  Defendants therefore breached their duties to Plaintiffs, and other members of the Class who have performed services since three years before the filing of this legal action, under the California Labor Code and California Industrial Welfare Commission Wage Order 4-2001 or any other applicable Wage Order.

29.     As hereinabove alleged, Defendants willfully failed to pay to Plaintiffs, and other members of the Class, accrued wages (whether calculated based on the statutory minimum wage rate or regular rate of pay) pay as required under the California Labor Code, including Labor Code §§ 221, 223, 226.2, and 1194, and paragraph 4 of California Industrial Welfare Commission Wage Order 4-2001 [8 CCR § 11040 (2001)], or any other applicable Wage Order.  Defendants therefore breached their duties to Plaintiffs, and other members of the Class who have performed services since three years before the filing of this legal action, under the California Labor Code and California Industrial Welfare Commission Wage Order 9-2001 or any other applicable Wage Order.

30.     Defendants willfully failed to pay all termination wages, including for non-productive work time, within the 30 day time limit set forth for the payment of termination wages under California Labor Code §§201-203.  Defendants therefore breached their duties to the members of the Class who terminated their employment with Defendants since three years before the filing of this legal action, under the California Labor Code.  Plaintiffs request that Defendants be required to pay the members of the Class who have terminated their employment with Defendants at any time since three years before the filing of this legal action waiting time penalties under California Labor Code §§201-203.

-8-

31.     Plaintiffs request that Defendants be required to pay to them, and other members of the Class who performed services for Defendants at any time since three years before the filing of this legal action, wages (calculated at the greater of the statutory minimum wage rate or regular rate of pay) and any applicable statutory penalties as provided under the California Labor Code or California Industrial Welfare Commission Wage Order(s), including under California Labor Code § 1194.2 and paragraph 20 of California Industrial Welfare Commission Wage Order 4-2001.  Plaintiffs further requests that any unpaid residue be ordered paid "to nonprofit organizations or foundations to support projects that will benefit the Class or similarly situated persons, or that promote the law consistent with the objectives and purposes of the underlying cause of action, to child advocacy programs, or to nonprofit organizations providing civil legal services to the indigent…" as provided under California Code of Civil Procedure § 384(b).

32.     In pursuing the claims alleged herein, including their investigation and litigation, Plaintiffs have incurred and will incur attorneys' fees (and paralegal fees) and costs for which they seek reimbursement.  These costs include, but are not limited to, filing fees, deposition charges, service of process fees, photocopying, telephone charges, fax charges, postage charges, travel/transportation expenses, messenger and other delivery charges, expert/consultant expenses, expenses associated with the preparation of evidence for presentation at trial, and other charges customary to the conduct of litigation.

Wherefore, Plaintiffs pray for a judgment and a decree as hereinafter set forth.

THIRD CLAIM BY PLAINTIFFS ON BEHALF OF THEMSELVES AND THE CLASS AGAINST ALL DEFENDANTS FOR VIOLATION OF CALIFORNIA LABOR CODE AND CALIFORNIA INDUSTRIAL COMMISSION WAGE ORDERS – ITEMIZED PAY STATEMENTS AND TIME/PAY RECORDS
(Class Claim)

33.     Plaintiffs hereby incorporate by reference as though fully set forth at length herein all prior Paragraphs of this Complaint.

-9-

SECOND AMENDED COMPLAINT   - Case No. 3:18-cv-04810-JCS

34.     As hereinabove alleged, Defendants willfully failed to provide itemized pay statements to Class Members as required by California Labor Code § 226 and paragraph 7 of California Industrial Welfare Commission Wage Order 4-2001 [8 CCR § 11090 (2001)], or any other applicable Wage Order.  Defendants also failed to maintain wage time records as required by California Labor Code § 226 and paragraph 7 of California Industrial Welfare Commission Wage Order 4-2001 [8 CCR § 11090 (2001)], or any other applicable Wage Order.  The itemized pay statements that Plaintiffs and the Class received have been inaccurate, including because they have not accurately identified missed rest periods and premium wages owed at applicable hourly rates. Defendants therefore breached their duties to Plaintiffs, and other members of the Class who have performed services in California since one year before the filing of this legal action under the California Labor Code and California Industrial Welfare Commission Wage Order 4-2001 or any other applicable Wage Order.

35.     Plaintiffs request that Defendants be required to pay to Plaintiffs, and other members of the Class who performed services in California for PNC at any time since one year before the filing of this legal action damages or statutory penalties as provided under California Labor Code, including § 226.  Plaintiffs further request that any unpaid residue be ordered paid "to nonprofit organizations or foundations to support projects that will benefit the Class or similarly situated persons, or that promote the law consistent with the objectives and purposes of the underlying cause of action, to child advocacy programs, or to nonprofit organizations providing civil legal services to the indigent…" as provided under California Code of Civil Procedure § 384(b).

36.     In pursuing the claims alleged herein, including their investigation and litigation, Plaintiffs have incurred or will incur attorneys' fees (and paralegal fees) and costs for which Plaintiffs seek reimbursement.  These costs include, but are not limited to, filing fees, deposition charges, service of process fees, photocopying, telephone charges, fax charges, postage charges, travel/transportation expenses, messenger and other delivery charges, expert/consultant expenses, expenses associated with the preparation of evidence for presentation at trial, and other charges customary to the conduct of litigation.

Wherefore, Plaintiffs pray for a judgment and a decree as hereinafter set forth.

-10-

<u>FOURTH CLAIM BY PLAINTIFFS ON BEHALF OF THEMSELVES AND THE CLASS
AGAINST ALL DEFENDANTS FOR VIOLATION OF CALIFORNIA UNFAIR COMPETITION
LAW</u>
(Class Claim)

37.     Plaintiffs hereby incorporate by reference as though fully set forth at length herein all prior paragraphs of this Complaint.

38.     As hereinabove alleged, Defendants, in the course of PNC's business, have committed acts and engaged in a practice of unfair competition, as defined by California Business & Professions Code §17200, including the following: a) not providing rest breaks and in their absence paying required premium wages as California Labor Code §§ 226.7, California Wage Order 4-2001, ¶ 12, and comparable provisions within any other applicable Wage Order require, b) not paying wages for non-productive, c) not providing itemized pay statements as California Labor Code § 226, California Wage Order 4-2001, ¶ 7, and comparable provisions within any other applicable Wage Order require, d) not timely paying accrued premium wages and wages due for non-productive time on termination of employment as California Labor Code §§ 201-203 require, and e) not maintaining time/pay records as California Labor Code § 226, California Wage Order 4-2001, ¶ 7, and comparable provisions within any other applicable Wage Order require.

39.     Defendants' unlawful business acts and practices present a continuing threat. Plaintiffs and other Class Members do not have an adequate remedy at law.  Wherefore, Plaintiffs request that Defendants be enjoined from said violations and be ordered to take such steps as are proper to redress the unlawful conduct that has occurred to date, including the failure to provide legally compliant rest periods, failure to pay legally required premium wages, failure to provide properly itemized pay statements, and failure to maintain proper employee pay/time records, all as hereinabove alleged.

40.     As a direct and proximate result of the above-described misconduct, Defendants have received and continue to hold ill-gotten gains belonging to others as described above, including Plaintiffs.  Plaintiffs therefore request that Defendants be ordered to make restitution and disgorgement of all said ill-gotten gains as part of a fluid fund recovery to be distributed in accordance with the Court's equitable discretion, including consideration that unpaid residue be paid

-11-

"to nonprofit organizations or foundations to support projects that will benefit the Class or similarly situated persons, or that promote the law consistent with the objectives and purposes of the underlying cause of action, to child advocacy programs, or to nonprofit organizations providing civil legal services to the indigent…" as provided under California Code of Civil Procedure § 384(b).

41.     Plaintiffs request reasonable attorney's fees under California Code of Civil Procedure §1021.5.

Wherefore, Plaintiffs pray for a decree and judgment as hereinafter set forth.

FIFTH CLAIM BY PLAINTIFFS AGAINST ALL DEFENDANTS FOR VIOLATION OF LABOR CODE PRIVATE ATTORNEYS GENERAL ACT OF 2004, CALIFORNIA LABOR CODE §§2698, et seq.
(non-class, representative claim)

42.     Plaintiffs hereby incorporate by reference as though fully set forth at length herein all prior paragraphs of this Complaint.

43.     Plaintiffs, as aggrieved employees, bring this claim under the Labor Code Private Attorneys General Act of 2004, California Labor Code § 2698, et seq. (PAGA), for themselves and on behalf of all other Mortgage Loan Officers whom PNC employed in California at any time for which recovery is authorized under PAGA through the trial of this matter.  Recovery under this cause of action is sought only insofar as not obtained under any of the preceding claims.

44.     As herein alleged, Defendants have violated the provisions of the California Labor Code, including in failing to provide duty free rest periods or in their absence pay added wages, failing to pay minimum wages, failing to pay wages owed in a timely manner, failing to provide itemized pay statements, and failing to keep time/payroll records. Plaintiffs for themselves and on behalf of all other Mortgage Loan Officers employed in California by PNC at any time for which recovery is authorized under PAGA through the trial of this matter seek recovery of unpaid wages resulting from said violations.

45.     Pursuant to California Labor Code §2699, Plaintiffs also seek recovery of all penalties for Defendants' above-described violations of the California Labor Code, except insofar as recovered under a preceding claim. Such penalties for which Plaintiffs now seek recovery include, but are not

-12-

limited to, those based upon the violation of or as provided under California Labor Code §§ 201-203, 204/204b, 210, 216, 225.5, 226, 226.2, 226.3, 226.7, 558, 1174, 1174.5, 1194, 1194.2, 1197, 1197.1, 1198 (incorporating Wage Order § 4-2001, § 12 and comparable sections in any other applicable Wage Order), and 2698-99.

46.     Plaintiffs request an award of attorneys' fees, costs, and expenses, including as authorized under Labor Code §2699.  Plaintiffs further request appropriate injunctive relief to stop Defendants' ongoing illegal conduct.

47.     To the extent required by California Labor Code § 2699.3, Plaintiff Tanseer Kazi, for himself and on behalf of Mortgage Loan Officers whom PNC employed in California, by letter properly submitted on July 2, 2018 to the California Labor and Workforce Development Agency and sent that day by certified mail to PNC, provided notice of Plaintiff's intention to prosecute the claims herein alleged.  The California Labor and Workforce Development Agency has not responded. Consequently, Plaintiff may seek recovery of the civil penalties sought in this claim.

Wherefore, Plaintiffs pray for a decree and judgment as follows.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs seek relief from this Court in the following respects:

1.  The Court declares, adjudges and decrees that this action is a proper class action and certify the Class under California Code of Civil Procedure § 382.

2.  The Court declares, adjudges and decrees that:  a) Defendants violated the California Labor Code and California Industrial Welfare Commission Wage Orders in failing to provide rest periods or in their absence pay premium wages as required by Labor Code § 226.7 and applicable Wage Order(s) and failing timely to pay accrued wages to Class members on termination of employment to or for the Class members who performed services in California for PNC at any time since three years before the filing of this lawsuit, b) Defendants violated the California Labor Code and the California Industrial Welfare Commission Wage Orders in failing to provide compensation for non-productive work time; c)

-13-

Defendants violated the California Labor Code and California Industrial Welfare Commission Wage Orders in failing to provide itemized pay statements as required under California Labor Code §226 and applicable Wage Order(s) and failing to maintain time/pay records as required under California Labor Code § 226 and applicable Wage Order(s), to or for the Class members who performed services in California for PNC at any time since one year before the filing of this lawsuit, d) Class members are entitled to an award for the unpaid premium wages for absence of  paid, compliant rest periods, compensation for unpaid non-productive hours, waiting time penalties, penalties for absence of properly itemized wage statements/record maintenance, and any other applicable statutory penalties; and e) equitable distribution of the unpaid residue of any recovery pursuant to CCP § 384.

3.   The Court declares, adjudges and decrees that:  a) Defendants violated the California Unfair Business Practices Act/Unfair Competition Law, California Business & Professions Code §§ 17200, et seq., by engaging in unlawful conduct, including in failing to provide rest periods or in their absence pay premium wages as required by Labor Code § 226.7 and applicable Wage Order(s), failing to provide itemized pay statements as required under California Labor Code §226 and applicable Wage Order(s), failing to pay wages for non-productive time, failing timely to pay accrued premium wages to Class members on termination of employment, and failing to maintain time/pay records as required under California Labor Code § 226 and applicable Wage Order(s), to or for the Class members who performed services in California for PNC at any time since four years before the filing of this lawsuit; b) Defendants should be ordered to make restitution and disgorgement of all ill-gotten gains, including unpaid premium wages for missed rest periods, into a fluid recovery fund; and c) injunctive relief prohibiting future violations of the rights of the Class members to unpaid wages.

4.   Damages, penalties, restitution, and disgorgement of ill-gotten gains under PAGA, California Labor Code § 2698, et seq.

-14-

        5. The Court decrees such other injunctive relief and/or enters such other orders as are necessary

to dissipate or relieve the effects of the aforesaid violations and illegal acts by Defendants.

        6.  Reasonable attorneys fees and costs/expenses, both statutory and non-statutory.

        7.  Pre-judgment and post-judgment interest as provided by law.

        8.  Such other relief as the Court deems just and proper.

Dated:  March 6, 2019                    FRANK, WEINBERG & BLACK, P.L

                                         ROBERT D. SOLOFF, P.A.

                                         SWARTZ SWIDLER, LLC

                                         LAW OFFICES OF JAMES M. SITKIN


                                         By:  _/s/James M. Sitkin_____

                                         James M. Sitkin
                                         Attorney for Plaintiffs



        Plaintiffs hereby demands trial by jury.

Dated:  March 6,  2019                   FRANK, WEINBERG & BLACK, P.L

                                         ROBERT D. SOLOFF, P.A.

                                         SWARTZ SWIDLER, LLC

                                         LAW OFFICES OF JAMES M. SITKIN


                                         By:  _/s/James M. Sitkin_____

                                         James M. Sitkin
                                         Attorney for Plaintiff

//

//

//

-15-