Paul W. Sweeney, Jr. (SBN 112511)
paul.sweeney@klgates.com
Saman M. Rejali (SBN 274517)
saman.rejali@klgates.com
K&L GATES LLP
10100 Santa Monica Boulevard Eighth Floor
Los Angeles, CA  90067
Telephone: +1 310 552 5000
Facsimile: +1 310 552 5001

Attorneys for Defendant PNC Bank, N.A.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| TANSEER KAZI and LINDA SCHEID, individually and on behalf of all those similarly situated,<br><br>                    Plaintiffs,<br><br>vs.<br><br>PNC BANK, N.A., and DOES 1-100 inclusive,<br><br>                    Defendants. | Case No.: 3:18-cv-04810-J CS<br><br>**ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT**<br><br>[Hon. Mag. Judge Joseph C. Spero] |

Defendant PNC Bank, N.A. ("Defendant"), in answer to the Second Amended Complaint ("Complaint") of Plaintiffs TANSEER KAZI and LINDA SCHEID individually and on behalf of the putative class ("Plaintiffs"), admit, deny and allege as follows:

**PARTIES**

1.  In answer to the allegations of paragraph 1 of the Complaint, Defendant admits that (a) it is a bank and (b) it makes residential mortgage loans related to properties located in the State of California. Defendant otherwise denies the allegations contained in this paragraph.

2.  In answer to the allegations of paragraph 2 of the Complaint, Defendant admits that (a) Plaintiffs were at all times mentioned in the Complaint adults over 21 years of age; (b) Plaintiffs were but are no longer employed by Defendant within four years of the filing of the Complaint; (c) one of the job duties of Mortgage Loan Officers is to originate residential mortgage loans; and (d) in so doing, Mortgage Loan Officers are expected to comply with applicable policies of Defendant. Defendant otherwise denies the allegations contained in this paragraph.

3.  In answer to the allegations of paragraph 3 of the Complaint, Defendant denies the allegations set forth therein.

4.  In answer to the allegations of paragraph 4 of the Complaint, Defendant states that it lacks information sufficient to enable it to form a belief as to the truth of said allegations and, basing its denial on that ground, denies the allegations set forth therein.

**JURISDICTION AND VENUE**

5.  In answer to the allegations of paragraph 5 of the Complaint, Defendant admits that it does business in the County of Alameda and has maintained an office located at 5700 Stoneridge Mall Rd., Suite 150, Pleasanton, CA 94588 at certain times relevant to this action. Defendant otherwise denies the allegations contained in this paragraph.

6.  In answer to the allegations of paragraph 6 of the Complaint, Defendant admits the allegations set forth therein.

**CLASS ACTION ALLEGATIONS**

7.  In answer to the allegations of paragraph 7 of the Complaint, Defendant admits that Plaintiffs seek to represent a class as defined therein, but denies that this action can be maintained as

2
ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT
303164132 v7

a class action under Rule 23 of the Federal Rules of Civil Procedure or any other applicable provision of law. Defendant further denies that Plaintiff can represent a class for any time period prior to January 5, 2017, because the claims asserted herein were released through January 4, 2017 in connection with the settlement in *Lemuel Bland, et al. v. PNC Bank, N.A.*, United States District Court for the Western District of Pennsylvania Case No. 2:15-cv-01042-AJS, and elsewhere. Defendant otherwise denies the allegations contained in this paragraph.

8.  In answer to the allegations of paragraph 8 of the Complaint, Defendant admits that Plaintiffs were employed by Defendant in California within four years of the filing of the initial complaint. Defendant otherwise denies the allegations contained in this paragraph.

9.  In answer to the allegations of paragraph 9 of the Complaint, Defendant acknowledges that Plaintiffs purport to allege and/or state as legal conclusions certain requirements necessary for class certification, but denies that those requirements can be satisfied in this case or that this action can otherwise be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure or any other applicable provision of law. Defendant otherwise denies the allegations contained in this paragraph.

10. In answer to the allegations of paragraphs 10(a)-(e) of the Complaint, Defendant acknowledges that Plaintiffs purport to allege and/or state as legal conclusions certain requirements necessary for class certification, but denies that those requirements can be satisfied in this case or that this action can otherwise be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure or any other applicable provision of law. Defendant otherwise denies the allegations contained in this paragraph.

11. In answer to the allegations of paragraph 11 of the Complaint, Defendant acknowledges that Plaintiffs purport to allege and/or state as legal conclusions certain requirements necessary for class certification, but denies that those requirements can be satisfied in this case or that this action can otherwise be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure or any other applicable provision of law. Defendant otherwise denies the allegations contained in this paragraph.

12. In answer to the allegations of paragraph 12 of the Complaint, Defendant acknowledges that Plaintiffs purport to allege and/or state as legal conclusions certain requirements necessary for class certification, but denies that those requirements can be satisfied in this case or that this action can otherwise be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure or any other applicable provision of law. Defendant otherwise denies the allegations contained in this paragraph.

13. In answer to the allegations of paragraph 13 of the Complaint, Defendant acknowledges that Plaintiffs purport to allege and/or state as legal conclusions certain requirements necessary for class certification, but denies that those requirements can be satisfied in this case or that this action can otherwise be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure or any other applicable provision of law. Defendant otherwise denies the allegations contained in this paragraph.

14. In answer to the allegations of paragraph 14 of the Complaint, Defendant denies the allegations set forth therein.

15. In answer to the allegations of paragraph 15 of the Complaint, Defendant denies the allegations set forth therein.

**FACTUAL ALLEGATIONS**

16. In answer to the allegations of paragraph 16 of the Complaint, Defendant admits that putative Class Members earn a salary paid on a bi-weekly basis, monthly incentive compensation that is calculated as set forth in the applicable incentive compensation plans that applied to each individual putative Class Member, and relevant overtime. Defendant otherwise denies the allegations contained in this paragraph.

17. In answer to the allegations of paragraph 17 of the Complaint, said allegations set forth conclusions of law and other allegations to which no responsive pleading is required. To the extent a response is deemed necessary, Defendant admits that some of its California Mortgage Loan Officers have sometimes worked in excess of 3.5 hours per day. Defendant expressly denies that it violated the IWC Wage Order, California Labor Code § 226.7, or any other federal, state, or local law. Defendant otherwise denies the allegations contained in this paragraph.

18. In answer to the allegations of paragraph 18 of the Complaint, Defendant denies the allegations set forth therein.

19. In answer to the allegations of paragraph 19 of the Complaint, Defendant denies the allegations set forth therein.

20. In answer to the allegations of paragraph 20 of the Complaint, Defendant denies the allegations set forth therein.

21. In answer to the allegations of paragraph 21 of the Complaint, Defendant denies the allegations set forth therein.

## **FIRST CLAIM**

## **REST PERIODS (CLASS CLAIM)**

22. In answer to the allegations of paragraph 22 of the Complaint, Defendant hereby incorporates by reference its responses to paragraphs 1 through 21 of the Complaint, as if set forth fully herein.

23. In answer to the allegations of paragraph 23 of the Complaint, said allegations set forth conclusions of law and other allegations to which no responsive pleading is required. To the extent a response is deemed necessary, Defendant denies that it breached any duties and/or violated the IWC Wage Order, California Labor Code § 226.7, or any other federal, state, or local law. Defendant otherwise denies the allegations contained in this paragraph.

24. In answer to the allegations of paragraph 24 of the Complaint, said allegations set forth conclusions of law and other allegations to which no responsive pleading is required. To the extent a response is deemed necessary, Defendant denies that it failed to pay Plaintiffs or putative class members all termination wages, and/or that it breached its duties under the Labor Code. Defendant otherwise denies the allegations contained in this paragraph.

25. In answer to the allegations of paragraph 25 of the Complaint, Defendant denies that Plaintiffs are entitled to the relief requested in paragraph 25 or to any other relief. Defendant otherwise denies the allegations contained in this paragraph.

26. In answer to the allegations of paragraph 26 of the Complaint, Defendant denies that Plaintiffs are entitled to the relief requested in paragraph 26 or to any other relief. Defendant

otherwise denies the allegations contained in this paragraph.

## SECOND CLAIM

## UNPAID NON-PRODUCTIVE TIME (CLASS CLAIM)

27. In answer to the allegations of paragraph 27 of the Complaint, Defendant hereby incorporates its responses to paragraphs 1 through 26 of the Complaint, as if set forth fully herein.

28. In answer to the allegations of paragraph 28 of the Complaint, said allegations set forth conclusions of law and other allegations to which no responsive pleading is required. To the extent a response is deemed necessary, Defendant denies the allegations contained in this paragraph and denies any breaches of the Labor Code or any other applicable Wage Order, federal, state or local law. Defendant otherwise denies the allegations contained in this paragraph.

29. In answer to the allegations of paragraph 29 of the Complaint, said allegations set forth conclusions of law and other allegations to which no responsive pleading is required. To the extent a response is deemed necessary, Defendant denies that Plaintiffs have asserted a viable claim under Labor Code §§ 221, 226.2, 1194 or any other applicable Wage Order, federal, state or local law. Defendant otherwise denies the allegations contained in this paragraph.

30. In answer to the allegations of paragraph 30 of the Complaint, said allegations set forth conclusions of law and other allegations to which no responsive pleading is required. To the extent a response is deemed necessary, Defendant denies that Plaintiffs have asserted a viable claim under Labor Code §§ 201-203. Defendant otherwise denies the allegations contained in this paragraph.

31. In answer to the allegations of paragraph 31 of the Complaint, Defendant denies that Plaintiffs are entitled to the relief requested in paragraph 31 or to any other relief. Defendant otherwise denies the allegations contained in this paragraph.

32. In answer to the allegations of paragraph 32 of the Complaint, Defendant denies that Plaintiffs are entitled to the relief requested in paragraph 32 or to any other relief. Defendant otherwise denies the allegations contained in this paragraph.

## THIRD CLAIM

## ITEMIZED PAY STATEMENTS AND TIME/PAY RECORDS (CLASS CLAIM)

33. In answer to the allegations of paragraph 33 of the Complaint, Defendant hereby incorporates its responses to paragraphs 1 through 32 of the Complaint, as if set forth fully herein.

34. In answer to the allegations of paragraph 34 of the Complaint, said allegations set forth conclusions of law and other allegations to which no responsive pleading is required. To the extent a response is deemed necessary, Defendant denies that Plaintiffs have asserted a viable claim under Labor Code § 226(a), or any other applicable Wage Order, federal, state or local law. Defendant otherwise denies the allegations contained in this paragraph.

35. In answer to the allegations of paragraph 35 of the Complaint, Defendant denies that Plaintiffs are entitled to the relief requested in paragraph 35 or to any other relief. Defendant otherwise denies the allegations contained in this paragraph.

36. In answer to the allegations of paragraph 36 of the Complaint, Defendant denies that Plaintiffs are entitled to the relief requested in paragraph 36 or to any other relief. Defendant otherwise denies the allegations contained in this paragraph.

## FOURTH CLAIM

## UNFAIR COMPETITION (CLASS CLAIM)

37. In answer to the allegations of paragraph 37 of the Complaint, Defendant hereby incorporates its responses to paragraphs 1 through 36 of the Complaint, as if set forth fully herein.

38. In answer to the allegations of paragraph 38 of the Complaint, Defendant states that the allegations contained therein consist of conclusions of law to which no responsive pleading is required. To the extent a response is deemed necessary, Defendant denies the allegations set forth therein.

39. In answer to the allegations of paragraph 39 of the Complaint, said allegations set forth conclusions of law and other allegations to which no responsive pleading is required. To the extent a response is deemed necessary, Defendant denies that it failed to provide legally compliant rest periods, failed to pay legally required premium wages, failed to provide properly itemized pay statements, failed to provide properly itemized pay statements, and/or failed to maintain proper

employee pay/time records to Plaintiffs and/or members of the putative class. Defendant otherwise denies the allegations contained in this paragraph.

40. In answer to the allegations of paragraph 40 of the Complaint, Defendant denies that Plaintiffs and/or members of the putative class are entitled to the relief requested in paragraph 40 of the Complaint or to any other relief. Defendant otherwise denies the allegations contained in this paragraph.

41. In answer to the allegations of paragraph 41 of the Complaint, Defendant denies that Plaintiffs are entitled to the relief requested in paragraph 41 or to any other relief. Defendant otherwise denies the allegations contained in this paragraph.

## FIFTH CLAIM

**PRIVATE ATTORNEYS GENERAL ACT (NON- CLASS, REPRESENTATIVE CLAIM)**

42. In answer to the allegations of paragraph 42 of the Complaint, Defendant hereby incorporates its response to paragraphs 1 through 41 of the Complaint, as if set forth fully herein.

43. In answer to the allegations of paragraph 43 of the Complaint, Defendant denies that Plaintiffs are aggrieved employees within the meaning of the California Labor Code Private Attorneys General Act of 2004 ("PAGA"). Defendant admits that Plaintiffs seek to bring a claim under PAGA on behalf of themselves and other allegedly aggrieved employees, but denies that this action can be maintained as a representative action under PAGA or any other applicable provision of law. Defendant admits that Plaintiffs and the allegedly aggrieved employees assert they are only seeking recovery under this cause of action insofar as not obtained under any of the preceding claims. Defendant otherwise denies the allegations contained in this paragraph.

44. In answer to the allegations of paragraph 44 of the Complaint, said allegations set forth conclusions of law and other allegations to which no responsive pleading is required. To the extent a response is deemed necessary, Defendant denies that it failed to provide duty free rest periods or in their absence pay added wages, failed to pay minimum wages, failed to pay wages owed in a timely manner, failed to provide itemized wage statements, and/or failed to keep time/payroll records. Defendant otherwise denies the allegations contained in this paragraph.

45. In answer to the allegations of paragraph 45 of the Complaint, Defendant admits that Plaintiffs seek to recover certain penalties on behalf of themselves and others, plus attorneys' fees and costs, but denies that Plaintiffs are entitled to any such relief. Defendant otherwise denies the allegations contained in this paragraph.

46. In answer to the allegations of paragraph 46 of the Complaint, Defendant admits that Plaintiffs seek to recover certain penalties on behalf of themselves and others, plus attorneys' fees and costs, but denies that Plaintiffs are entitled to any such relief. Defendant otherwise denies the allegations contained in this paragraph.

47. In answer to the allegations of paragraph 47 of the Complaint, Defendant states that it lacks information sufficient to enable it to form a belief as to the truth of the remaining allegations and, basing its denial on that ground, denies the allegations set forth therein.

**PRAYER FOR RELIEF**

48. With regard to the allegations contained in the "WHEREFORE" paragraphs following Paragraph 47 of the Complaint, Defendant denies class action status is appropriate, denies all alleged wrongdoing, denies that Plaintiffs were damaged or aggrieved, and denies Plaintiffs are entitled to any relief. Defendant otherwise denies the allegations contained in the "WHEREFORE" paragraphs following paragraph 47 of the Complaint.

**DEMAND FOR JURY TRIAL**

49. With regard to the allegations contained in the paragraph following the "PRAYER FOR RELIEF" and between counsel for Plaintiffs' signature blocks, Defendant denies that Plaintiffs are entitled to a jury trial on any issues not triable to a jury.

50. Defendant denies each and every allegation of Plaintiffs' Complaint not specifically admitted herein.

**AFFIRMATIVE AND OTHER DEFENSES**

In further answer to the Complaint, and as separate and distinct affirmative and other defenses, Defendant alleges the following defenses. In asserting these defenses, Defendant does not assume the burden of proof as to matters that, pursuant to law, are Plaintiffs' burden to prove.

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Claim)**

Defendant alleges that the Complaint, and each purported cause of action set forth therein, fails to allege facts sufficient to constitute a cause of action against Defendant.

**SECOND AFFIRMATIVE DEFENSE**

**(Statute of Limitations and Limitations Periods)**

Defendant alleges, based on information and belief, that Plaintiffs' claims, or portions thereof, are barred by the applicable statutes of limitation and limitations periods, including, but not limited to, those set forth in California Labor Code § 203, California Code of Civil Procedure §§ 338, 340 and 343, and California Business and Professions Code § 17208.

**THIRD AFFIRMATIVE DEFENSE**

**(No Standing)**

Defendant alleges, based on information and belief, that Plaintiffs lacks standing to sue on behalf of themselves, or other employees purportedly similarly situated, with respect to the claimed injuries, or otherwise.

**FOURTH AFFIRMATIVE DEFENSE**

**(Good Faith Dispute/No Willfulness)**

Although Defendant denies that it owes any amount to Plaintiffs, or any other employees purportedly similarly situated, if it should be determined that amounts are owed, then Defendant alleges, based on information and belief, that at all times relevant hereto a reasonable good faith dispute existed as to whether any such amounts were owed to Plaintiffs or to other employees purportedly similarly situated. Defendant did not act willfully to violate any law.

**FIFTH AFFIRMATIVE DEFENSE**

**(Failure to Obtain a Valid Wage Assignment)**

Defendant alleges, based on information and belief, that Plaintiffs, as the representative of other employees purportedly similarly situated, cannot properly pursue unpaid wage claims on behalf of others because they have failed to obtain valid wage assignments from them. Labor Code § 300.

## SIXTH AFFIRMATIVE DEFENSE

**(Speculative Damages)**

Defendant alleges that Plaintiffs' claims for damages are barred, in whole or in part, because they are speculative and uncertain.

## SEVENTH AFFIRMATIVE DEFENSE

**(Laches)**

Defendant alleges, based on information and belief, that Plaintiffs' Complaint, and each purported cause of action alleged therein, is barred, in whole or in part, by the doctrine of laches.

## EIGHTH AFFIRMATIVE DEFENSE

**(Unjust Enrichment)**

Defendant alleges that Plaintiffs' claims are barred to the extent that any award in this action would constitute unjust enrichment.

## NINTH AFFIRMATIVE DEFENSE

**(Unclean Hands)**

Defendant alleges, based on information and belief, that Plaintiffs' Complaint, and each purported cause of action therein, is barred, in whole or in part, to the extent Plaintiffs have unclean hands with respect to the claims asserted.

## TENTH AFFIRMATIVE DEFENSE

**(Waiver/Estoppel/Consent)**

Defendant alleges, based on information and belief, that Plaintiffs' Complaint, and each purported cause of action alleged therein, is barred, in whole or in part, under the equitable doctrines of waiver, estoppel, collateral estoppel, judicial estoppel, and/or consent.

## ELEVENTH AFFIRMATIVE DEFENSE

**(Safe Harbor)**

Defendant alleges that Plaintiffs' claims are barred, in whole or in part, because of Defendant's compliance with all applicable laws, statutes, and regulations, said compliance affording Defendant a safe harbor to any claim under California Business and Professions Code §§ 17200, et seq.

## TWELFTH AFFIRMATIVE DEFENSE

### (Practice Not Unfair)

Defendant alleges that Plaintiffs' claims are barred because Defendant's business practices were not unfair within the meaning of Business and Professions Code §§ 17200, et seq. The utility and benefits of Defendant's conduct outweighed whatever alleged harm or impact that conduct may have had on Plaintiffs, or other employees purportedly similarly situated.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

Defendant alleges, based on information and belief, that Plaintiffs have failed to mitigate, minimize, or avoid their purported damages, and Defendant further alleges that to the extent that any damages could have been mitigated, minimized, or avoided, such amounts should be deducted from any award of damages.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Good Faith Defense)

Defendant alleges, based on information and belief, that at all times relevant to Plaintiffs' Complaint, Defendant had good faith defenses, based in law and/or fact, which, if upheld, would preclude any recovery by Plaintiffs based on the allegations in the Complaint.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Avoidable Consequences Doctrine)

Defendant alleges, based on information and belief, that Plaintiffs failed to take reasonable advantage of available procedures to prevent and correct any alleged wage and hour violations, and, therefore, Plaintiffs' damages claims are barred, in whole or in part, by the avoidable consequences doctrine.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Offset/Setoff)

Defendant alleges that to the extent it is found liable for any damages or amounts, Defendant claims a credit, setoff, or offset for all amounts it paid for the services of Plaintiffs and members of the putative class, all amounts received by Plaintiffs and members of the putative class for their

services, all amounts advanced or paid to Plaintiffs and/or members of the putative class in excess of that to which they were legally entitled, all amounts paid to Plaintiffs and/or members of the putative class as premium rates that are not calculated as part of their regular rate, all time that Plaintiffs and/or members of the putative class reported as work time that they did not in fact work, and all other goods, amounts, or time that Plaintiffs and/or members of the putative class took to which they were not entitled, if any.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Multiple Recovery)

Defendant alleges, based on information and belief, that the claims of Plaintiffs, and the putative class they seeks to represent, are barred in whole or in part to the extent that Plaintiffs seek multiple recoveries for the same alleged wrong or wrongs.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Res Judicata)

Defendant alleges, based on information and belief, that the purported claims of Plaintiffs and certain putative class members are barred, in whole or in part, by the doctrines of res judicata and/or retraxit, and by agreements/settlements that impact or bind Plaintiffs and/or putative class members, including but not limited through January 4, 2017, in connection with the settlement in *Lemuel Bland, et al. v. PNC Bank, N.A.*, United States District Court for the Western District of Pennsylvania Case No. 2:15-cv-01042-AJS.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Unjust Penalties)

Defendant alleges, based on information and belief, that to the extent Plaintiffs seek to recover penalties, any such award would be improper as unjust, arbitrary, oppressive or confiscatory.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Accord and Satisfaction/Settlement/Release)

Defendant alleges, based on information and belief, that Plaintiffs' Complaint, and each and every purported cause of action contained therein, is barred in whole or in part to the extent Plaintiffs and certain putative class members have settled and/or released their claims, individually or in

connection with any settlements or agreements, including but not limited to the settlement in *Lemuel Bland, et al. v. PNC Bank, N.A.*, United States District Court for the Western District of Pennsylvania Case No. 2:15-cv-01042-AJS, and/or are subject to an accord and satisfaction.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Lack of Injury)

Defendant alleges, based on information and belief, that the purported causes of action are barred, in whole or in part, because Plaintiffs, and the purported similarly situated employees they seek to represent, did not suffer any actual injury as a result of a knowing and intentional violation of law by Defendant.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Unconstitutionally Vague)

Defendant alleges, based on information and belief, that the Complaint, or portions thereof, are barred because the applicable California Labor Code provisions and wage orders of the Industrial Welfare Commission as applied are unconstitutionally vague and ambiguous and violate Defendant's rights under the Constitution of the United States of America and the State Constitution of California as to, among other things, due process of law.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Jury Trial Waiver)

Defendant alleges that Plaintiffs and/or the members of the putative class are not entitled to a jury trial on some or all of their claims.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Failure to Exhaust Administrative Remedies)

Defendant alleges, based on information and belief, that the Complaint, or portions thereof, fall outside the jurisdiction of this Court in that Plaintiffs have failed to satisfy the jurisdictional prerequisites mandated by California Labor Code Sections 2698, et seq.

/ / /

/ / /

/ / /

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Failure to Allege a Cognizable Class)

Defendant alleges that to the extent that the Second Amended Complaint seeks to establish a class action, it fails to properly allege a cognizable class.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Lack of Typicality)

Defendant alleges that a class action is improper as the claims of the named class representatives are not typical of all putative class members.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Lack of Commonality)

Defendant alleges that a class action is improper as commonality does not exist between the putative class members.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Non-Work Activities)

Defendant alleges that any activities that were unpaid do not constitute hours worked, as they were not integral or necessary to the performance of the job.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Unreported Non-Work Activities)

Defendant alleges that if Plaintiff and/or members of the putative class performed work activities that they did not record as work and for which they were not paid, Defendant did not permit, know of, or have reason to know of those work activities or the time spent in performing those activities. Therefore, time spent in performing such activities does not constitute "hours worked" or "employment" for which compensation is due.

## THIRTIETH AFFIRMATIVE DEFENSE

### (*De Minimis* Non-Compensable Activities)

Defendant alleges that if and to the extent Plaintiff can prove that he and/or any member of the putative class engaged in any uncompensated work activities, some or all of the time allegedly worked is *de minimis* (or preliminary or postliminary activity) and thus is not compensable.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

(Failure to plead with sufficient facts)

Defendant alleges that Plaintiff has failed to plead with sufficient facts and specificity as required the Federal Rules of Civil Procedure, including Fed. R. Civ. P. 8(a).

### THIRTY-SECOND AFFIRMATIVE DEFENSE

(Full Payment)

Defendant alleges that Plaintiffs and the Putative Class were paid in full and in compliance with the law.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

(Exempt/Exemptions)

Defendant alleges that Plaintiffs and Putative Class members are exempt from or fall within exemptions from or exceptions to some or all legal requirements, including as set forth in relevant Wage Orders.

### ADDITIONAL DEFENSES

Defendant gives notice that it intends to rely upon such defenses as may become available during discovery proceedings in this case, and reserves the right to amend its Answer to assert any such defenses.

WHEREFORE, Defendant PNC BANK, N.A. prays that the court:

1.  Dismiss Plaintiffs' Complaint in its entirety with prejudice;

2.  Deny each and every demand, claim and prayer for relief contained in the Complaint;

3.  Award Defendant its reasonable attorneys' fees and costs in defending against this unmeritorious action pursuant to Fed. R. Civ. P. 11, 28 U.S.C. § 1927, and as otherwise provided by statute or contract; and

4.  Grant such other and further relief as the court deems just and proper.

Dated:   March 28, 2019

K&L GATES LLP

By: */s/ Saman M. Rejali*
Paul W. Sweeney Jr.
Saman M. Rejali
Attorneys for Defendant, PNC Bank, N.A.

16
**ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

303164132 v7

# CERTIFICATE OF SERVICE

I am employed in the county of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is: K&L GATES LLP, 10100 Santa Monica Boulevard Eighth Floor, Los Angeles, CA 90067.

On March 28, 2019, I served the document(s) described as:

## ANSWER TO SECOND AMENDED COMPLAINT

The undersigned certifies that the document listed above was filed this March 28, 2019. Notice of this filing will be sent to all parties in this case listed below by operation of the Court's electronic filing system (ECF). Parties may access this filing via the Court's ECF system.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on March 28, 2019, at Los Angeles, California.


*/s/ Saman M. Rejali*

Saman M. Rejali