1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

James M. Sitkin (SBN 107650)
jsitkin@sitkinlegal.com
1 Kaiser Plaza, Suite 505
Oakland, CA 94612
Tel: (415) 318-1048
Fax: (415) 362-3268

Justin L. Swidler
jswidler@swartz-legal.com
Swartz Swidler LLC
1101 Kings Hwy. N. Ste. 402
Cherry Hill, NJ 08003
Tel: (856) 685-7420
Fax: (856) 685-7417

Robert D. Soloff
robert@solofflaw.com
Robert D. Soloff, P.A.
7805 S.W. 6th Court
Plantation, FL 33324
Tel: (954) 472-0002
Fax: (954) 472-0052

Marc A. Silverman
msilverman@fwblaw.net
Frank Weinberg Black, P.L.
7805 S.W. 6th Court
Plantation, FL 33324
Tel: (954) 474-8000
Fax: (954) 474-9850

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TANSEER KAZI, *et al.*, individually and on behalf of all those similarly situated, | Case No: 3:18-cv-04810-JCS |
| Plaintiffs, | **SUPPLEMENTAL DECLARATION OF JAMES M. SITKIN IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION** |
| vs. | |
| PNC BANK, N.A., *et al.* | Date: January 24, 2020<br>Time: 9:30 a.m.<br>Before: Hon. Joseph C. Spero |
| Defendants. | |
| | Trial Date: None Set |

I, JAMES M. SITKIN, declare as follows:

1.     I am an attorney at law admitted to practice before this Court. I am among the attorneys herein representing Plaintiffs Tanseer Kazi and Linda Scheid ("Plaintiffs"). I submit this supplemental declaration in support of Plaintiffs' motion for class certification and in response to the Opposition of Defendant PNC Bank, N.A. ("PNC" or "Defendant").

2.     Attached hereto as <u>Exhibit 1</u> is a true and correct copy of PNC's Initial Disclosure, served on March 26, 2019, which has not been amended.

3.     Collectively attached hereto as <u>Exhibit 2</u> are true and correct copies of the cover page, selected transcript pages, and the reporter's certification for the deposition of Plaintiff Linda Scheid, taken on October 16, 2019, which I attended. [Designated confidential in its entirety by PNC].

4.     Collectively attached hereto as <u>Exhibit 3</u> are true and correct copies of the cover page, selected transcript pages, and the reporter's certification for the deposition of Plaintiff Tanseer Kazi, taken on October 17, 2019, which I attended.

5.     Attached hereto as <u>Exhibit 4</u> is a true and correct copy of Plaintiff Kazi's original, unverified response to interrogatory no. 9, served October 7, 2019, in which his 2018 bankruptcy was not identified, but earlier bankruptcy proceedings were identified. This original answer reflects Plaintiffs' counsel's then lack of unawareness of Mr. Kazi's 2018 bankruptcy and is not mentioned in PNC's Opposition.

6.     Through email dated October 14, 2019, at 1:28 a.m. (EST),[1] Plaintiffs' counsel first became aware of Mr. Kazi's 2018 bankruptcy. Attached hereto as <u>Exhibit 5</u> is a true and correct copy

---

[1]Due to the time zone difference, the email, as received in my email in box, is dated October 13, 2019, 10:28 p.m. (PST), though I was unaware of it until October 14th.

1

of Plaintiff Kazi's amended response to interrogatory no. 9, served by email by my co-counsel Robert Soloff on October 15, 2019, the next day. The amended answer directs PNC to bankruptcy records available through PACER for related production of records. Later, still on October 15, 2019, Plaintiffs served by email a corrected amended response that corrected information concerning earlier bankruptcy proceedings.

7.     Before the October 14th, 1:28 a.m. (EST) email, Plaintiffs' counsel had no documents or other awareness relating to Mr. Kazi's 2018 bankruptcy. Plaintiffs' counsel herein do not represent Mr. Kazi in that bankruptcy nor any of his prior bankruptcy proceedings and have never been included on any service/notice list for any bankruptcy in which Mr. Kazi was the debtor. PNC's accusations against Plaintiffs' counsel concerning concealing Mr. Kazi's 2018 bankruptcy and related documents are false. Since Mr. Kazi's October 17th deposition, Plaintiffs' counsel renewed searches for discoverable documents relating to Mr. Kazi's 2018 bankruptcy other than those available through PACER and obtained none.

8.     Collectively attached hereto as <u>Exhibit 6</u> are true and correct copies, available through PACER, of Plaintiff Kazi's *Ex Parte* Motion to Reopen Case to Allow Amendment of Debtor's Schedules, filed in the Bankruptcy Court on October 16, 2019, the day before his deposition, and the Bankruptcy Court's Order on Motion to Reopen Case, entered the next morning. Although not mentioned in the Opposition, the filing of this application was the subject of examination at Mr. Kazi's October 17, 2019 deposition, which I attended. *See* pages 36:5-37:6 included in attached Exhibit 3. On November 6, 2019, Mr. Kazi filed amended schedules, identifying this action and requesting the recovery therefrom be deemed exempt, were filed with the Bankruptcy Court.

9.     Attached hereto as <u>Exhibit 7</u> is a true and correct copy of the Trustee's Objection to Debtor's Claim of Exemption, filed on December 6, 2019 in Mr. Kazi's reopened bankruptcy.

2

10.     Attached hereto as <u>Exhibit 8</u> is a true and correct copy of PNC's response, served March 29, 2019, to Plaintiffs' document request no. 58, served February 18 2019.  In light of this outstanding document request, I requested a supplemental document production that would include documents exchanged between PNC or its counsel, on the one hand, and the non-management MLOs whose declarations are included in PNC's opposition, on the other hand.  Attached hereto as <u>Exhibit 9</u> is a true and correct copy of my related email exchange with Opposing Counsel. (In addition, I sent a December 12th email where I again requested PNC's Counsel to "[p]lease respond without further delay.").  I also left several unreturned phone messages to Ms. Rejali and Mr. Sweeney. I did reach Mr. Madden in one call, in which he deferred to Ms. Rejali and Mr. Sweeney on the matter. PNC's counsel's communications concluded with the attached December 12th refusal to produce documents based on attorney client privilege and work product rule.  I have not received a response to my follow up December 12th email concerning the invocation of these privileges as a basis to refuse to produce documents exchange with these non-management MLO declarants.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this declaration was executed on December 18, 2019 in Oakland, California.

_/s/James M. Sitkin_
James M. Sitkin


Pursuant to Local Rule 5-1(i), I hereby certify that the content of this document is acceptable to James M. Sitkin, counsel for Plaintiffs, and that I have obtained his authorization to affix his electronic signature to this document.

_/s/ Justin Swidler_

**EXHIBIT 1**

1  Paul W. Sweeney, Jr. (SBN 112511)
   paul.sweeney@klgates.com
2  Saman M. Rejali (SBN 274517)
   saman.rejali@klgates.com
3  K&L GATES LLP
   10100 Santa Monica Boulevard Eighth Floor
4  Los Angeles, CA 90067
   Telephone: +1 310 552 5000
5  Facsimile: +1 310 552 5001

6

Attorneys for Defendant PNC Bank, N.A.

7

8                  UNITED STATES DISTRICT COURT

9                NORTHERN DISTRICT OF CALIFORNIA

10                    SAN FRANCISCO DIVISION

11  TANSEER KAZI and LINDA SCHEID,
    individually and on behalf of all those similarly
12  situated,
                                              Case No.: 3:18-cv-04810-J CS
13              Plaintiffs,
                                              **INITIAL DISCLOSURES**
14  vs.
                                              [Hon. Mag. Judge Joseph C. Spero]
15  PNC BANK, N.A., and DOES 1-100 inclusive,

16              Defendants.

17

18

19

20

21

22

23

24

25

26

27

28

303166834 v2

Defendant PNC Bank, N.A. ("Defendant" or "PNC"), by and through its undersigned counsel and pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, hereby serves its Initial Disclosures.

## GENERAL STATEMENT

The responses herein are based on the best information available to PNC and its counsel as of this date. PNC reserves the right to modify, amend, and/or supplement these disclosures pursuant to Rule 26(e) of the Federal Rules of Civil Procedure. PNC's disclosure of information pursuant to the requirements set forth by Rule 26(a) of the Federal Rules of Civil Procedure, shall not constitute an admission by PNC that the information is properly discoverable or admissible at trial, and shall not constitute a waiver of any objection that might otherwise be made to the disclosure of such information. These disclosures relate solely to Plaintiffs' individual claims and pre-certification issues. PNC reserves the right to provide class-wide disclosures if any class is certified.

Subject to the foregoing, PNC makes the following disclosures:

## INITIAL DISCLOSURES

**A.     Individuals with Discoverable Information (Rule 26(a)(1)(A)(i)):**

1.      Plaintiffs Tanseer Kazi and Linda Sheid.

Plaintiffs should have knowledge regarding the allegations in the Complaint.

2.      All witnesses identified by Plaintiffs.

3.      Janet Groh, Human Resources Business Partner (or in the event of personnel turnover, the individual who holds this position or a similar position for PNC); to be contacted through counsel at K&L Gates LLP.

Ms. Groh has knowledge concerning the compensation and time-keeping practices of Mortgage Loan Officers ("MLOs") at PNC, as well as PNC personnel policies and procedures.

4.      Michael Smiles, Mortgage Incentive Administrator Supervisor (or in the event of personnel turnover, the individual who holds this position or a similar position for PNC); to be contacted through counsel at K&L Gates LLP.

Mr. Smiles has knowledge concerning the compensation and time-keeping practices of MLOs at PNC.

**INITIAL DISCLOSURES**

303166834 v2

1      5.     Carisa Williams, Payroll Manager (or in the event of personnel turnover, the

2 individual who holds this position or a similar position for PNC), to be contacted through counsel at

3 K&L Gates LLP.

4      Ms. Williams has knowledge concerning PNC's payroll practices.

5      6.     Debra Hunter, Payroll Supervisor (or in the event of personnel turnover, the

6 individual who holds this position or a similar position for PNC), to be contacted through counsel at

7 K&L Gates LLP.

8      Ms. Hunter has knowledge concerning PNC's payroll practices.

9      7.     Peter Boomer, Mortgage Sales Executive (or in the event of personnel turnover, the

10 individual who holds this position or a similar position for PNC); to be contacted through counsel at

11 K&L Gates LLP.

12      Mr. Boomer has knowledge concerning the general compensation structure and time-keeping

13 practices of MLOs at PNC.

14      8.     Jasen Mackensie, Mortgage Territory Sales Manager[1] (or in the event of personnel

15 turnover, the individual who holds this position or a similar position for PNC); to be contacted

16 through counsel at K&L Gates LLP.

17      Mr. Mackensie has knowledge concerning the general compensation structure and time-

18 keeping practices of MLOs at PNC.

19 **B.     Documents Supporting Defendant's Defenses (Rule 26(a)(1)(A)(ii):**

20      The documents required to be disclosed by Rule 26(a)(1)(A)(ii):

21     &bull;   Personnel records;

22     &bull;   Time records;

23     &bull;   Pay records;

24     &bull;   Personnel policies and employee handbooks;

25     &bull;   Payroll and compensation policies and procedures;

26     &bull;   The compensation plans and addenda applicable to MLOs; and

27

28   [1]  PNC has not listed, in order to avoid unnecessary detail at this time, the names of each direct manager for each MLO who would also have knowledge regarding the compensation and time reporting practices of MLOs.

**INITIAL DISCLOSURES**

303166834 v2

1         • Pleadings, agreements, and settlement agreements that impact or bind Plaintiffs or the

2             Putative Class Members, including the pleadings and settlement agreement for the

3             matter styled *Lemuel Bland, et al. v. PNC Bank, N.A.*, United States District Court for

4             the Western District of Pennsylvania Case No. 2:15-cv-01042-AJS.

5          The categories of documents identified above are located in centralized electronic systems

6 located at PNC's corporate headquarters located in Pittsburg, Pennsylvania.

7 **C.**     **Computation of Damages (Rule 26(a)(1)(A)(iii):**

8          Aside from the recovery of attorneys' fees and costs if Defendant is the prevailing party, the

9 disclosures required by Rule 26(a)(1)(A)(iii) are not applicable to Defendant as it has made no claim

10 for damages.

11 **D.**     **Disclosure of Insurance Coverage (Rule 26(a)(1)(A)(iv):**

12          Defendant responds that there is no applicable insurance policy.

13          Discovery and investigation of all allegations in the Complaint are ongoing. PNC reserves

14 the right to supplement these disclosures.

15

16                         K&L GATES LLP

17

18

19 Dated:    March 26, 2019           By:   */s/ Saman M. Rejali*
                                     Paul W. Sweeney Jr.

20                                      Saman M. Rejali

21                                Attorneys for Defendant, PNC Bank, N.A.

22

23

24

25

26

27

28

**INITIAL DISCLOSURES**

303166834 v2

# CERTIFICATE OF SERVICE

I am employed in the county of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is: K&L GATES LLP, 10100 Santa Monica Boulevard Eighth Floor, Los Angeles, CA 90067.

On March 26, 2019, I served the document(s) described as:

## INITIAL DISCLOSURES

The undersigned certifies that the document listed above served on counsel of record for Plaintiffs by e-mail, pursuant to an agreement between counsel.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on March 26, 2019, at Los Angeles, California.

*/s/ Saman M. Rejali*

Saman M. Rejali

**EXHIBIT 2**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

CONFIDENTIAL

TANSEER KAZI and LINDA SCHEID,
individually and on behalf of
all those similarly situated,

      Plaintiffs,

      vs.

PNC BANK, N.A., and DOES 1-100
inclusive,

      Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)

CASE NO.
3:18-cv-04810-JCS

CONFIDENTIAL

VIDEOTAPED DEPOSITION OF LINDA SCHEID

LOS ANGELES, CALIFORNIA

WEDNESDAY, OCTOBER 16, 2019

Reported By:
Kyung Lee-Green, CSR No. 12655, CLR

Job: 46996

1                REPORTER'S CERTIFICATION

2          I, Kyung Lee-Green, Certified Shorthand

3     Reporter, in and for the State of California, do

4     hereby certify:

5          That the foregoing witness was by me duly

6     sworn; that the deposition was then taken before me

7     at the time and place herein set forth;

8          That said testimony and proceedings were

9     reported stenographically by me and later

10    transcribed into typewriting under my direction;

11         That the foregoing is a true and correct record

12    of the testimony and proceedings taken at that time.

13         I further certify that I am not an attorney or

14    counsel of any of the parties, nor am I a relative

15    or employee of any attorney or counsel of the party

16    connected with the action, nor am I financially

17    interested in the action.

18         The foregoing certification of this transcript

19    does not apply to any reproduction of same by any

20    means unless under the direct control and/or

21    direction of the certifying reporter.

22         IN WITNESS WHEREOF, I have subscribed my name

23    this 24th day of October, 2019.

24

25                    Kyung Lee-Green
                Certified Shorthand Reporter No. 12655, CLR

26

**EXHIBIT 3**

```
 1              UNITED STATES DISTRICT COURT
 2             NORTHERN DISTRICT OF CALIFORNIA
 3                 SAN FRANCISCO DIVISION
 4   ------------------------------
                                   )
 5   TANSEER KAZI and LINDA        )
     SCHEID, individually and on   )
 6   behalf of all those similarly )
     situated,                     )
 7                                 )CASE NO.
             Plaintiffs,           )3:18-cv-04810-JCS
 8                                 )
             vs.                   )
 9                                 )
     PNC BANK, N.A., and DOES      )
10   1-100 inclusive,              )
                                   )
11           Defendants.           )
     ------------------------------)
12
13
14
15         VIDEOTAPED DEPOSITION OF TANSEER KAZI
16               San Francisco, California
17              Thursday, October 17, 2019
18                      Volume 1
19
20
21
22
23   Reported by:
     RACHEL FERRIER, CSR No. 6948
24   Job No. 3599791
25   PAGES 1 - 294
```

YOM: Full Service Court Reporting, A Veritext Company
800.831.6973

1

2

3

4          I, the undersigned, a Certified Shorthand

5    Reporter of the State of California, do hereby certify:

6          That the foregoing proceedings were taken before

7    me at the time and place herein set forth; that any

8    witnesses in the foregoing proceedings, prior to

9    testifying, were placed under oath; that a verbatim

10   record of the proceedings was made by me using machine

11   shorthand which was thereafter transcribed under my

12   direction; further, that the foregoing is an accurate

13   transcription thereof.

14          I further certify that I am neither financially

15   interested in the action nor a relative or employee of

16   any attorney or any of the parties.

17          IN WITNESS WHEREOF, I have this date subscribed

18   my name.

19

20   Dated:  October 21, 2019

21

22

23

24   RACHEL FERRIER

25   CSR No. 6948

                                        Page 294

**EXHIBIT 4**

James M. Sitkin, Esq. (SBN 107650)
LAW OFFICES OF JAMES M. SITKIN
One Kaiser Plaza, Suite 505
Oakland, CA 94612
Telephone: (415) 318-1048
Facsimile: (415) 362-3268
jsitkin@sitkinlegal.com

Robert D. Soloff, Esquire
ROBERT D. SOLOFF, P.A.
7805 SW 6th Court
Plantation, FL 33324
Telephone: (954) 472-0002
Facsimile: (954) 472-0052
robert@solofflaw.com

(See signature block for additional counsel)
Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TANSEER KAZI and LINDA SCHEID, individually and on behalf of all those similarly situated | Case No. 3:18-cv-04810-JCS |
| Plaintiff(s), | CLASS ACTION [Hon. Mag. Judge Joseph C. Spero] |
| vs. | PLAINTIFF KAZI'S ANSWERS TO FIRST SET OF INTERROGATORIES TO PLAINTIFF TANSEER KAZI |
| PNC BANK, N.A., and DOES 1-100 inclusive | |
| Defendant(s). | |

Pursuant to Federal Rule of Civil Procedure 34, Plaintiff Tanseer Kazi ("Plaintiff") hereby

provides the following Answers to the following interrogatories submitted to Plaintiff by

Defendant PNC Bank, N.A., ("Defendant" or "PNC").

1

specifying their address, phone number, and email address, and the particular facts about which they have knowledge.

**ANSWER:**

Plaintiff objects to this interrogatory as it is overly broad, vague, unduly burdensome, and not designed to lead to the discovery of admissible evidence. Without waiver and subject to said objections, Plaintiff states Managers Brian Ida and Amanda Lumb-Hilaire, Regional Manager Jason McKenzie and co-employees _____ in the Defendant's San Mateo and Cupertino offices have knowledge of the Defendant's pay practices regarding MLOs, including the pay practices relating to rest periods and non-productive work, including deduction of draw from MLO commissions (i.e. recapture of draws), computer and live training, attendance at sales meetings, etc. Plaintiff has no knowledge as to the current address, phone number and e-mail address of Defendant's Managers identified above. In addition, all other PNC MLOs employed in California during the putative class period are believed to have or likely to have knowledge of the above.


INTERROGATORY NO. 9: Please identify every legal and agency proceeding in which YOU have been a party, including any criminal, bankruptcy, civil, or administrative proceeding, and specify the court or agency, all parties that were involved, any matter or case number, the nature of the crime or proceeding, and how it was resolved (including the scope of any penalty that was imposed in criminal matters).

**ANSWER:** Plaintiff objects to this interrogatory as it is overly broad, vague, unduly burdensome, and not designed to lead to the discovery of admissible evidence. Without waiver and subject to said objections, Plaintiff states Plaintiff was a class member in the case styled *Bland, et al. v. PNC Bank*, Case No.: 2:15-cv-01042-AJS, filed in the Western District of Pennsylvania, which brought claims on behalf of MLOs under the Fair Labor Standards Act and various state laws for unpaid wages and overtime worked off the clock which was resolved by a court approved class wide settlement. Also, Plaintiff was a class member in the case styled *Batta v. PNC Bank*, Case MSC15-00728, filed in the Superior Court of California in Contra Costa

County, which brought California class claims for uncompensated business cell phone expenditures and business car travel expenditures, which was resolved by a court approved class wide settlement. Also, Plaintiff was a class member is two or three class action cases brought against Bank of America by MLOs for unpaid wages, rest periods, the specific styles of these cases are not known to Plaintiff.

As an individual, Plaintiff was the Petitioner in the case styled *In re Tanseer Kazi*, Bankruptcy Petition No. 10-71637, a Chapter 7 bankruptcy case filed in the California Northern Bankruptcy Court in Oakland, California, District of California, discharged in 2011, and subsequently re-opened in 2014, and then re-closed in 2014. The Bankruptcy Court case was re-opened to vacate a claim and judgment for money against Plaintiff in this case. The underlying case was styled, *Unifund CCR Partners v. Tanseer Kazi*, Case No. VG09473862, and was brought in the Superior Court for Alameda County, California.

Dated: October 7, 2019

*/s/ Robert D. Soloff*
Robert D. Soloff, Esq.
**ROBERT D. SOLOFF, P.A.**
Attorney for Plaintiffs
7805 S.W. 6th Court
Plantation, Florida 33324
Tel: (954) 472-0002
Fax: (954) 472-0052
robert@solofflaw.com

James M. Sitkin, Esq.
LAW OFFICES OF JAMES M. SITKIN
One Kaiser Plaza, Suite 505
Oakland, CA 94612
Telephone: (415) 318-1048
Facsimile: (415) 362-3268
jsitkin@sitkinlegal.com

Justin L. Swidler, Esq.
**SWARTZ SWIDLER, LLC**
1101 Kings Hwy N., Ste 402
Cherry Hill, NJ 08034
Tel: (856) 685-7420
Fax: (856) 685-7417
jswidler@swartz-legal.com

Marc A. Silverman, Esq.
**FRANK, WEINBERG & BLACK, P.L.**
7805 S.W. 6th Court
Plantation, Florida 33324
Tel: (954) 474-8000
Fax: (954) 474-9850
msilverman@fwblaw.net

## VERIFICATION

Pursuant to 28 U.S.C. §1746, I hereby declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this _____ of October, 2019.

_____
TANSEER KAZI

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served this 7th day of October, 2019, on all counsel of record and/or pro se parties identified in the Service List attached, and/or in the manner specified, via electronic mail.

/s/Robert D. Soloff
ROBERT D. SOLOFF

## SERVICE LIST

**KAZI**, *et. al.* **vs. PNC BANK, N.A.**
**CASE NO.:  3:18-cv-04810-JCS**

Paul W. Sweeney, Jr.
paul.sweeney@klgates.com
Saman M. Rejali
saman.rejali@klgates.com
K&L Gates LLP
10100 Santa Monica Blvd., Eighth Floor
Los Angeles, CA  90067

Patrick M. Madden
patrick.madden@klgates.com
K&L Gates LLP
925 Fourth Ave., Suite 2900
Seattle, WA 98104-1158

**EXHIBIT 5**

James M. Sitkin, Esq. (SBN 107650)
LAW OFFICES OF JAMES M. SITKIN
One Kaiser Plaza, Suite 505
Oakland, CA 94612
Telephone: (415) 318-1048
Facsimile: (415) 362-3268
jsitkin@sitkinlegal.com

Robert D. Soloff, Esquire
ROBERT D. SOLOFF, P.A.
7805 SW 6th Court
Plantation, FL 33324
Telephone: (954) 472-0002
Facsimile: (954) 472-0052
robert@solofflaw.com

(See signature block for additional counsel)
Attorneys for Plaintiff

### UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TANSEER KAZI and LINDA SCHEID, individually and on behalf of all those similarly situated <br><br> Plaintiff(s), <br><br> vs. <br><br> PNC BANK, N.A., and DOES 1-100 inclusive <br><br> Defendant(s). | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No. 3:18-cv-04810-JCS <br><br> CLASS ACTION <br> [Hon. Mag. Judge Joseph C. Spero] <br><br> PLAINTIFF KAZI'S AMENDED ANSWERS TO FIRST SET OF INTERROGATORIES TO PLAINTIFF TANSEER KAZI |

Pursuant to Federal Rule of Civil Procedure 34, Plaintiff Tanseer Kazi ("Plaintiff") hereby provides the following Amended Answers to the following interrogatories submitted to Plaintiff by Defendant PNC Bank, N.A., ("Defendant" or "PNC").

INTERROGATORY NO. 8: Please identify each and every PERSON who has knowledge of any facts that support, deny or otherwise RELATE TO the allegations in the COMPLAINT, specifying their address, phone number, and email address, and the particular facts about which they have knowledge.

**ANSWER:**

Plaintiff objects to this interrogatory as it is overly broad, vague, unduly burdensome, and not designed to lead to the discovery of admissible evidence. Without waiver and subject to said objections, Plaintiff states Managers Brian Ida and Amanda Lumb-Hilaire, Regional Manager Jason McKenzie, Mortgage Origination Administrator Minerva Avila and co-employees Kathy Cochran (tel. 408-507-9538), Kyle Beagle (tel. 408-687-6112), Cammie Brodie (tel. 650-224-5715), Jeff Rhodes (tel. 408-307-2215) and Tim Stone (tel. 408-464-8926) in the Defendant's San Mateo and Cupertino offices have knowledge of the Defendant's pay practices regarding MLOs, including the pay practices relating to rest periods and non-productive work, including deduction of draw from MLO commissions (i.e. recapture of draws), computer and live training, attendance at sales meetings, etc. Plaintiff has no knowledge as to the current address, phone number and e-mail address of Defendant's Managers and Administrator identified above. In addition, all other PNC MLOs employed in California during the putative class period are believed to have or likely to have knowledge of the above.

INTERROGATORY NO. 9: Please identify every legal and agency proceeding in which YOU have been a party, including any criminal, bankruptcy, civil, or administrative proceeding, and specify the court or agency, all parties that were involved, any matter or case number, the nature of the crime or proceeding, and how it was resolved (including the scope of any penalty that was imposed in criminal matters).

**ANSWER:** Plaintiff objects to this interrogatory as it is overly broad, vague, unduly burdensome, and not designed to lead to the discovery of admissible evidence. Without waiver and subject to said objections, Plaintiff states Plaintiff was a class member in the case styled *Bland, et al. v. PNC Bank,* Case No.: 2:15-cv-01042-AJS, filed in the Western District of

Pennsylvania, which brought claims on behalf of MLOs under the Fair Labor Standards Act and various state laws for unpaid wages and overtime worked off the clock which was resolved by a court approved class wide settlement. Also, Plaintiff was a class member in the case styled *Batta v. PNC Bank*, Case MSC15-00728, filed in the Superior Court of California in Contra Costa County, which brought California class claims for uncompensated business cell phone expenditures and business car travel expenditures, which was resolved by a court approved class wide settlement. Also, Plaintiff was a class member is two or three class action cases brought against Bank of America by MLOs for unpaid wages, rest periods, the specific styles of these cases are not known to Plaintiff.

As an individual, Plaintiff was the Petitioner in the case styled *In re Tanseer H. Kazi,* Bankruptcy Petition No. 97-40280, a Chapter 7 bankruptcy case filed in January 1997 in the Northern District of California, and discharged in April 1997. Also, Plaintiff was Petitioner in the case styled *In re Tanseer Kazi*, Bankruptcy Petition No. 10-71637, a Chapter 7 bankruptcy case filed in the California Northern Bankruptcy Court in Oakland, California, District of California, discharged in 2011, and subsequently re-opened in 2014, and then re-closed in 2014. The Bankruptcy Court case was re-opened to vacate a claim and judgment for money against Plaintiff in this case. The underlying case was styled, *Unifund CCR Partners v. Tanseer Kazi*, Case No. VG09473862, and was brought in the Superior Court for Alameda County, California.

Also, Plaintiff was the Petitioner in the case styled *In re Tanseer Hasan Kazi*, Bankruptcy Petition No. 18-42547, a Chapter 7 bankruptcy case filed in the California Northern Bankruptcy Court in Oakland, California, District of California, discharged February 6, 2019, and then re-opened in June 2019 when Plaintiff's attorney filed a Motion for Contempt and Damages against Custom Commercial Dry Cleaners, Inc. which had attempted to enforce a judgment against Plaintiff and his wife. The underlying case was styled, *Custom Commercial Dry Cleaners, Inc., d/b/a FRST Team by Custom Commercial v. Tony Kazi and Papika Kazi, his wife*, Case No.

HG15763344, in the Superior Court of California, County of Alameda. The parties subsequently

settled and entered into a Stipulation for Withdrawal of the Motion for Contempt which was

approved by the court, and the bankruptcy case was re-closed on October 3, 2019.


Dated: October 14, 2019

*/s/ Robert D. Soloff*
Robert D. Soloff, Esq.
**ROBERT D. SOLOFF, P.A.**
Attorney for Plaintiffs
7805 S.W. 6th Court
Plantation, Florida 33324
Tel: (954) 472-0002
Fax: (954) 472-0052
robert@solofflaw.com

James M. Sitkin, Esq.
LAW OFFICES OF JAMES M. SITKIN
One Kaiser Plaza, Suite 505
Oakland, CA 94612
Telephone: (415) 318-1048
Facsimile: (415) 362-3268
jsitkin@sitkinlegal.com

Justin L. Swidler, Esq.
**SWARTZ SWIDLER, LLC**
1101 Kings Hwy N., Ste 402
Cherry Hill, NJ 08034
Tel: (856) 685-7420
Fax: (856) 685-7417
jswidler@swartz-legal.com


Marc A. Silverman, Esq.
**FRANK, WEINBERG & BLACK, P.L.**
7805 S.W. 6th Court
Plantation, Florida 33324
Tel: (954) 474-8000
Fax: (954) 474-9850
msilverman@fwblaw.net

## **VERIFICATION**

Pursuant to 28 U.S.C. §1746, I hereby declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 14 of October, 2019.

_____
TANSEER KAZI

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served this

14th day of October, 2019, on all counsel of record and/or pro se parties identified in the Service

List attached, and/or in the manner specified, via electronic mail.

/s/Robert D. Soloff
ROBERT D. SOLOFF

## SERVICE LIST

**KAZI, *et. al.* vs. PNC BANK, N.A.**
**CASE NO.: 3:18-cv-04810-JCS**

Paul W. Sweeney, Jr.
paul.sweeney@klgates.com
Saman M. Rejali
saman.rejali@klgates.com
K&L Gates LLP
10100 Santa Monica Blvd., Eighth Floor
Los Angeles, CA 90067

Patrick M. Madden
patrick.madden@klgates.com
K&L Gates LLP
925 Fourth Ave., Suite 2900
Seattle, WA 98104-1158

**EXHIBIT 6**

GEOFFREY E. WIGGS (SBN 276041)
LAW OFFICES OF GEOFF WIGGS
1900 S. Norfolk St, Suite # 350
San Mateo, Ca 94403
geoff@wiggslaw.com
Telephone: (650) 577-5952
Facsimile: (650) 577-5953

Attorney for Debtor

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA - OAKLAND DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 18-42547 WJL 7 |
| | ) | |
| **TANSEER HASAN KAZI,** | ) | Chapter 7 |
| | ) | |
| | ) | ***EX PARTE* MOTION TO REOPEN CASE** |
| Debtor. | ) | **TO ALLOW AMENDMENT OF** |
| | ) | **DEBTOR'S SCHEDULES** |
| | ) | |
| | ) | |
| | ) | |

Debtor Tanseer Kazi, through Counsel, moves the Court to reopen this case to allow Debtor to file a motion pursuant to 11 U.S.C. 105 to correct Debtor's schedules, including Schedule A/B and Debtor's Statement of Financial Affairs, which did not include disclosed assets.

In support of his motion he avers:

1. Debtor, Tanseer Kazi ("Kazi"), filed a chapter 7 bankruptcy in the Northern District of California Oakland Court on October 30, 2018.

2. On February 6, 2019, the Court entered an order discharging Debtor pursuant to 11 U.S.C. 727.

3. Subsequent to Kazi filed his chapter 7 bankruptcy, Kazi has discovered assets which were disclosed by Debtor during his 341 Meeting of Creditors, but were not properly listed on Debtor's schedules, specifically Schedule A/B and the Statement of Financial Affairs.

1

4. A trustee should be assigned to this matter as evaluation of the need for administration may be necessary in this instance.

5. The debtor is willing and able to pay the filing fee to reopen his case and said filing fee shall be submitted with this Motion.

oo0oo

Date: October 16, 2019

/s/ Geoffrey E. Wiggs, Esq.
**Geoffrey E. Wiggs, Esq.**

**Entered on Docket**
**October 17, 2019**
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



1   GEOFFREY E. WIGGS (SBN 276041)
    LAW OFFICES OF GEOFF WIGGS
2   1900 S. Norfolk St, Suite # 350
    San Mateo, Ca 94403
3   geoff@wiggslaw.com
    Telephone: (650) 577-5952
    Facsimile: (650) 577-5953
4

5   Attorney for Debtor

**CHANGES MADE BY COURT**

**The following constitutes the order of the Court.**
**Signed: October 17, 2019**

William J. Lafferty, III
U.S. Bankruptcy Judge

6

7

8

9                  UNITED STATES BANKRUPTCY COURT

10      NORTHERN DISTRICT OF CALIFORNIA - OAKLAND DIVISION

11   In re:                          )   Case No. 18-42547 WJL 7
                                     )
12      **TANSEER HASAN KAZI,**      )   Chapter 7
                                     )
13                                   )   **ORDER ON MOTION TO REOPEN**
                Debtor.             )   **CASE**
14                                   )
                                     )
15                                   )
                                     )
16                                   )

17

18      The Debtor filed a Ex Parte Motion To Reopen Case To Allow Motion For Contempt

19   And Damages on October 16, 2019.  Debtor seeks to reopen his case to amend his bankruptcy

20   schedules and form to properly name property previously disclosed but not properly scheduled.

21   IT IS ORDERED THAT:

22      1.  The Debtor's case is re-opened for the purposes stated above.

23      2.  The Chapter 7 trustee is reappointed to this case.

24
        3.  If no action is taken in this case within 30 days of reopening, the case may be re-closed
25
            without further notice or hearing.
26

27                          **\*\*\* END OF ORDER \*\*\***

28

                                    1
                                  ORDER
     Case: 18-42547   Doc# 45   Filed: 10/17/19   Entered: 10/17/19 09:35:47   Page 1 of 2

## SERVICE LIST

**\*NONE**

**EXHIBIT 7**

Sarah Lampi Little SBN 215635
Chapter 7 Trustee
2415 San Ramon Valley Blvd., Suite 4432
San Ramon, CA 94583
510-485-0740
Email: sarah@littletrustee.com

Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | | |
|---|---|---|
| In Re: | ) | Bankruptcy Case No 18-42547 WJL |
| | ) | |
| TANSEER HASAN KAZI | ) | |
| | ) | |
| | ) | Chapter 7 |
| | ) | |
| | ) | **TRUSTEE'S OBJECTION TO** |
| | ) | **DEBTOR'S CLAIM OF EXEMPTIONS** |
| Debtor | | |

Sarah L. Little, Chapter 7 Trustee ("Trustee") for the above-captioned bankruptcy estate hereby objects to Debtor's claim of exemption filed on November 6, 2019 as follows:

On his Amended Schedule C, the Debtor asserts an exemption in a newly disclosed claim or claims against PNC Bank pursuant to C.C.P. §703.140(b)(5). The value of the asset is listed at $20,000.00 but is described as "a rough estimate only". The Debtor claims the asset exempt at 100% of fair market value. Trustee objects to debtor's attempt to exempt "100% of fair market value" utilizing an exemption that is limited in dollar amount to $30,825.00. The Debtor's amended Schedule C lists two other assets that utilize this exemption, so the amount available exempt amount is $30,720.

Dated: December 6, 2019

/s/ Sarah Little
Sarah Little, Chapter 7 Trustee

1

## PROOF OF SERVICE

I am not less than 18 years of age and not a party to the within cause. My business address is 2415 San Ramon Valley Blvd, Ste 4432, San Ramon, CA 94583. I served the **Trustee's Objection to Debtor's Claim of Exemptions** by first class United States mail, unless indicated below by certified mail or by electronic service, potage pre-paid at Oakland, CA on the dated noted below and address to those below. I declare under penalty of perjury that the foregoing is true and correct.

DATED: December 6, 2019        /s/ Nancy L Nyberg

                                             Nancy L. Nyberg

U. S. Trustee (via electronic service)

Geoffrey W. Wiggs (via electronic service)

Tnaseer Hasan Kazi
43575 Mission Blvd, #347
Fremont, CA 94539

2

**EXHIBIT 8**

Paul W. Sweeney, Jr. (SBN 112511)
paul.sweeney@klgates.com
Saman M. Rejali (SBN 274517)
saman.rejali@klgates.com
K&L GATES LLP
10100 Santa Monica Boulevard Eighth Floor
Los Angeles, CA 90067
Telephone: +1 310 552 5000
Facsimile: +1 310 552 5001

Attorneys for Defendant PNC Bank, N.A.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| TANSEER KAZI and LINDA SCHEID, individually and on behalf of all those similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> PNC BANK, N.A., and DOES 1-100 inclusive, <br><br> Defendants. | Case No.: 3:18-cv-04810-J CS <br><br> **RESPONSES TO REQUESTS FOR PRODUCTIONS** <br><br> [Hon. Mag. Judge Joseph C. Spero] |

1

**RESPONSES TO REQUESTS FOR PRODUCTIONS**

unwarranted annoyance and oppression. Responding Party objects to the extent that this Request seeks documents protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege. Responding Party further objects to the extent that this Request seeks documents containing private, confidential, or proprietary information, specifically information related to unnamed putative class members. Responding Party objects to this Request on the ground that it seeks information regarding putative class members without going through the *Belaire-West* opt-out procedure, which is improper.

**REQUEST FOR PRODUCTION NO. 58:**

Any and all documents relating to or discussing Defendant's policies and/or practices relating to how it determines which of its MLOs work time is compensable and which is non-compensable.

**RESPONSE:** Responding Party objects that the term "relating to," which is used twice, is vague and ambiguous and, as stated, appears to be directed at attorney thought process that is protected under the work product doctrine. Responding Party further objects to this Request on the grounds that it is overbroad, not reasonably limited in scope, and overly burdensome, including, without limitation, for failure to be bound by a reasonable time period, thereby subjecting Responding Party to unwarranted annoyance and oppression. Responding Party objects to the extent that this Request seeks documents protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege. Responding Party further objects to the extent that this Request seeks documents containing private, confidential, or proprietary information, specifically information related to unnamed putative class members.

**REQUEST FOR PRODUCTION NO. 59:**

Any and all documents that relate to or concern in any way, any of the claims or defenses in the instant action, including but not limited to the following:

    a.    Written statements or affidavits of witnesses;

    b.    Notes of interviews with witnesses;

    c.    Tape recordings of any and all oral statements and/or interviews of witnesses;

    d.    Transcriptions of any tape recordings of any and all oral statements and/or interviews of witnesses;

**RESPONSES TO REQUESTS FOR PRODUCTIONS**

303175190 v3

| | |
|---|---|
| 1 | e.     Reports regarding the results of any and all investigations; |
| 2 | f.     Correspondence received from or sent to Plaintiffs or the Putative MLO Class |
| 3 |       Members; |
| 4 | g.     Correspondence received from or sent to Defendant; |
| 5 | h.     Correspondence received from or sent to any person other than Defendant's counsel; |
| 6 | i.     Surveillance of any Plaintiff or other MLO by any private investigator or other |
| 7 |       person; |
| 8 | j.     Background checks conducted as to any Plaintiff or other MLO Members by any |
| 9 |       private investigator or other person; |
| 10 | k.     Documents relating to or evidencing discussions between any Plaintiff or other MLO |
| 11 |       and Defendant; |
| 12 | l.     Documents relating to or evidencing discussions between Defendant and any person |
| 13 |       other than Defendant's counsel; |
| 14 | m.     Documents received from or sent to any person other than Defendant's counsel. |

**RESPONSE**: Responding Party objects that this Request is expressly directed at attorney thought process that is protected under the work product doctrine. Responding Party further objects to this Request on the grounds that it seeks the production of documents that are neither relevant to the subject matter of this litigation nor proportional to the needs of this case. Responding Party objects to this Request on the grounds that it is overbroad, not reasonably limited in scope, and overly burdensome, including, without limitation, for failure to be bound by a reasonable time period, thereby subjecting Responding Party to unwarranted annoyance and oppression. Responding Party objects to the extent that this Request seeks documents protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege. Responding Party further objects to the extent that this Request seeks documents containing private, confidential, or proprietary information, specifically information related to unnamed putative class members. Responding Party objects to this Request on the ground that it seeks precertification discovery unrelated or insufficiently related to class-certification issues. Responding Party objects to the Request on the grounds that it is unreasonably cumulative and duplicative given that it overlaps with a majority of

**RESPONSES TO REQUESTS FOR PRODUCTIONS**

the other Requests in this set. Responding Party objects to this Request on the ground that it seeks information regarding putative class members without going through the *Belaire-West* opt-out procedure, which is improper.

**REQUEST FOR PRODUCTION NO. 60:**

Any and all documents relating to or discussing Defendant's policies and/or practices relating to how Defendant determined both the regular and hourly rate to be paid to any Plaintiff or other MLO where Defendant determined that overtime pay was due to be paid to any Plaintiff or other MLO.

**RESPONSE:** Responding Party objects that the term "relating to," which is used twice, is vague and ambiguous and, as stated, appears to be directed at attorney thought process that is protected under the work product doctrine. Responding Party further objects to this Request on the grounds that it is overbroad, not reasonably limited in scope, and overly burdensome, including, without limitation, for failure to be bound by a reasonable time period, thereby subjecting Responding Party to unwarranted annoyance and oppression. Responding Party objects to the extent that this Request seeks documents protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege. Responding Party further objects to the extent that this Request seeks documents containing private, confidential, or proprietary information, specifically information related to unnamed putative class members.

**REQUEST FOR PRODUCTION NO. 61:**

Any and all position descriptions or similar documents reflecting, setting forth, or discussing each of any Plaintiff or other MLO' job duties.

**RESPONSE:** Responding Party objects to this Request on the grounds that it is overbroad, not reasonably limited in scope, and overly burdensome, including, without limitation, for failure to be bound by a reasonable time period, thereby subjecting Responding Party to unwarranted annoyance and oppression. Responding Party objects to the extent that this Request seeks documents protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege. Responding Party further objects to the extent that this Request seeks documents containing private,

**RESPONSES TO REQUESTS FOR PRODUCTIONS**

303175190 v3

## CERTIFICATE OF SERVICE

I am employed in the county of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is: K&L GATES LLP, 10100 Santa Monica Boulevard Eighth Floor, Los Angeles, CA 90067.

On March 29, 2019, I served the document(s) described as:

### RESPONSES TO REQUESTS FOR PRODUCTION

The undersigned certifies that the document listed above served on counsel of record for Plaintiffs by e-mail, pursuant to an agreement between counsel.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on March 29, 2019, at Los Angeles, California.

*/s/ Saman M. Rejali*
Saman M. Rejali

**EXHIBIT 9**

| From: | Jim Sitkin |
|---|---|
| Sent: | Thursday, December 12, 2019 4:33 PM |
| To: | Sweeney, Paul W.; Rejali, Saman |
| Cc: | Madden, Patrick; Justin Swidler; Robert Soloff; Marc Silverman |
| Subject: | RE: Kazi v. PNC |

Paul:

In this email, I want to focus narrowly on one category of documents: documents exchanged between PNC or your firm, on the one side, and non-management MLO declarants, on the other side, in relation to obtaining their declarations. So, I am not focusing here on management declarants and I am not focusing on documents internal to your firm that are not exchanged with non-management declarants, such as internal notes on interviews. An example would be an email to you or to PNC from a non-management declarant responding to a request for a declaration. Is it your position that the non-management declarants are your clients for purposes of the attorney-client privilege? Separately, is it your position that the attorney work product rule protects disclosure of documents exchanged between your firm or PNC, on the one hand, and non-management MLO declarants, on the other hand, including when generated by the non-management MLO declarant? Your direct answer to each of these questions is requested.

Separately, insofar as PNC is claiming that documents responsive to document request 59 are privileged, whether under the attorney client privilege, the attorney work product rule, or any other privilege, when will we receive an itemized privilege log identifying them, which we view as overdue? A direct answer to that question also is requested.

Your prompt response would be appreciated.

Jim Sitkin

**From:** Sweeney, Paul W. <Paul.Sweeney@klgates.com>
**Sent:** Thursday, December 12, 2019 4:01 PM
**To:** Jim Sitkin <Jsitkin@SITKINLEGAL.COM>; Rejali, Saman <saman.rejali@klgates.com>
**Cc:** Madden, Patrick <patrick.madden@klgates.com>; Justin Swidler <jswidler@swartz-legal.com>; Robert Soloff <robert@solofflaw.com>; Marc Silverman <msilverman@fwblaw.net>
**Subject:** RE: Kazi v. PNC

Jim:

Earlier this week, we informed you that Defendant is not agreeable to extending Plaintiffs' deadline to file their Reply to Defendant' Opposition to Plaintiffs' Motion for Class Certification. The Court set the briefing schedule after carefully considering the parties contested positions, and indicated on a prior occasion that it would not delay the determination of class certification any longer. Defendant met its filing obligations under the Court's scheduling order, and Plaintiffs must do the same.

Your most recent email implies that Plaintiffs may be unable to effectively reply to Defendant's Opposition because you have not received Defendant's attorney-client privilege and/or work product documents, and documents from Mr. Kazi's bankruptcy, which, for some reason, you have chosen not to obtain from him or otherwise from the public bankruptcy records. We believe you know that your position is meritless. With respect to your request for drafts and notes related to the declarations filed in opposition to Plaintiffs' Motion, we believe you know such documents are protected by the attorney-client privilege and/or the attorney work produce doctrine. Specifically with respect to the communications, notes, and drafts related to the declarations of Mr. Smiles, Mr. Mackenzie, and Ms. Groh, under *Upjohn v. United States*,

the attorney-client privilege extends to any employee regardless of position as long as the communication is made to the attorney at the direction of corporate superiors, the information concerns matters within the scope of the employee's corporate duties, and the employee is aware the communication serves the purpose of enabling the attorney to provide the corporation with legal advice. 449 U.S. 383 (1981); *Galarza v. United States*, 179 F.R.D. 291, 295 (S.D. Cal. 1998) (the attorney client privilege applies to a corporation's employees; "in order not to frustrate the purpose of the privilege, these communications must be protected to prevent discouraging the communication of relevant information by employees of the client to attorneys seeking to render legal advice to the client corporation.") (internal quotations omitted); *McCaugherty v. Siffermann*, 132 F.R.D. 234, 237 (N.D. Cal. 1990) (attorney-client privileged extended to representative of client when communications made primarily for the purpose of generating legal advice for client). Further, any draft declarations and communications between an attorney and any party, even a non-party witness, are protected under the work-product doctrine. *Schoenmann v. FDIC*, 7 F. Supp. 3d 1009, 1014 (N.D. Cal. 2014) ("With respect to the email communications between [non-party and attorney] . . . as well as the draft declarations attached and exchanged during those such communications, the Court finds that these materials constitute work product and are protected from disclosure."); *Conner Peripherals, Inc. v. W. Dig. Corp.*, 1993 U.S. Dist. LEXIS 20149, at *10 (N.D. Cal. June 7, 1993) ("Typically, the work product doctrine protects memoranda, recorded mental impressions, observations, opinions, synopses of witness statements, drafts of documents, etc., prepared by an attorney with an eye to litigation)(internal quotation omitted, emphasis added). To the extent that they exist, we will not be producing any documents responsive to this request. *See also, e.g., Hatamian v. Advanced Micro Devices, Inc.*, Case No. 14-cv-00226-YGR (JSC), 2016 U.S. Dist. LEXIS 60551 (N.D. Cal. May 6, 2016) (finding that lawyers' interview notes and witness summaries deserved either opinion or fact work product protection; "Interview notes can be either factual work product, opinion work product, or both."), *Innovation Ventures, L.L.C. v. Aspen Fitness Products, Inc.*, 11-13537, 2014 U.S. Dist. LEXIS 82706, at *10 (E.D. Mich. June 18, 2014) (holding that the work product doctrine protected a lawyer-prepared draft and unsigned witness affidavit; "The unsigned draft affidavits in this case do not reflect statements of fact by Mr. Woznica; rather, they were prepared by counsel and presented to Mr. Woznica for his review and correction. They are part of the evolution and development of the final draft. As such, the drafts constitute the attorney's trial preparation materials."), In re *Cathode Ray Tube (CRT) Antitrust Litig.*, MDL No 1917, Master Case No 3:07cv05944SC, 2015 U.S. Dist. LEXIS 147413 (N.D. Cal. Oct. 5, 2015) ("Although memoranda and statements drafted by a party's counsel in interviewing third party witnesses in preparation for litigation are not protected from discovery by the attorney-client privilege . . . Discovery of such attorney interview memoranda and facts learned could constitute 'unwarranted inquiries into the files and mental impressions of an attorney.'").

With respect to the bankruptcy documents, every document in our possession is publicly available and is likely already in your client's possession. To the extent that you need any of these documents to prepare Plaintiffs' Reply and do not already have them, you and your client have the same ability to obtain any document we may have related to the bankruptcy.

Your assertion that the documents you now seek should have been provided to Plaintiffs a long time ago is baseless. First, as indicated above, Defendant has no obligation to produce those documents. Second, consistent with not having any obligation to produce said documents, Defendant objected to the formal document requests that you identify in your email. Your meet and confer letter dated April 12, 2019, relating to Defendant's objections, does not even mention either of those objected to requests. Third, while there is no real need to make this point and we are doing so only for completeness, the documents relating to request number 59 did not even exist until Defendant recently prepared its Opposition to Plaintiffs' Motion for Class Certification, and as for request number 65, Defendant did not even know about Mr. Kazi's 2018 bankruptcy until October 15, 2019, let alone have any documents related to it.

If you truly believed that you needed more information about the statements made in the declarations that were submitted in support of Defendant's Opposition in order to prepare Plaintiffs' Reply, you would have not waited until over three weeks after your receipt of the Opposition to inform us. Moreover, you could have, for example, sought to depose witnesses you had not already deposed and asked appropriate questions about the declarations. Likewise, with respect to Mr. Kazi's bankruptcy documents, you could have reviewed the documents he provided to you (which you failed to provide to Defendant), you could have reviewed the public record where most of those documents reside (and

where Defendant obtained documents), or contacted the U.S. Trustee's office. You apparently have done none of these things, and now you want to blame Defendant for your failures.

Bottom line, you know as well as we do that your request for an extension of time to file Plaintiffs' Reply on the basis that Defendant owes you an additional production of documents is nothing more than a subterfuge designed to buy additional time -- beyond the five weeks that have already been afforded to Plaintiff -- to figure out how to reply to Defendant's Opposition (which exposes the speciousness of Plaintiffs' Motion), to scramble to solicit other putative class members, and ultimately to put-off the January 24, 2020 hearing until you have exhausted all avenues to rehabilitate this manufactured class action. We will not countenance those efforts.

Paul S.



**Paul W. Sweeney Jr.**
Partner
K&L Gates LLP
10100 Santa Monica Blvd.
Suite 800
Los Angeles, California 90067
Phone: 310-5525000
Fax: 310-5525001
paul.sweeney@klgates.com
www.klgates.com

**From:** Jim Sitkin <Jsitkin@SITKINLEGAL.COM>
**Sent:** Tuesday, December 10, 2019 5:33 PM
**To:** Rejali, Saman <saman.rejali@klgates.com>
**Cc:** Sweeney, Paul W. <Paul.Sweeney@klgates.com>; Madden, Patrick <patrick.madden@klgates.com>; Justin Swidler <jswidler@swartz-legal.com>; Robert Soloff <robert@solofflaw.com>; Marc Silverman <msilverman@fwblaw.net>
**Subject:** RE: Kazi v. PNC

Saman:

Per my email of last Friday, the discovery matters concern production of documents relating to our reply. Delaying a response until it is too late to use them under the current deadline renders the request moot; hence the request to receive the required supplemental production by midweek (tomorrow). We request production accordingly.

Thank you for your prompt attention to this matter.

Jim

**From:** Rejali, Saman <saman.rejali@klgates.com>
**Sent:** Tuesday, December 10, 2019 5:21 PM
**To:** Jim Sitkin <Jsitkin@SITKINLEGAL.COM>
**Cc:** Sweeney, Paul W. <Paul.Sweeney@klgates.com>; Madden, Patrick <patrick.madden@klgates.com>; Justin Swidler <jswidler@swartz-legal.com>; Robert Soloff <robert@solofflaw.com>; Marc Silverman <msilverman@fwblaw.net>
**Subject:** RE: Kazi v. PNC

Jim,

With respect to your request for an extension, we cannot agree to provide you with an additional eight days to file your reply. After we proposed a briefing schedule with longer briefing periods for both parties (which you opposed), the Court set what it believed to be a fair briefing schedule that allowed it sufficient time, factoring in the holidays, to consider the briefing before the hearing scheduled in January. Defendant was ordered to file its opposition by November 13, and it was timely filed. Plaintiffs were thereafter given five weeks to file their reply brief. We don't see any reason why an extension of Plaintiffs' filing deadline would be warranted, and indeed, your request does not even attempt to explain why, with over one week remaining, the four law firms representing Plaintiffs cannot comply with the briefing schedule the Court established.

I will respond to the substantive discovery items in your email later this week, once I've had a chance to confer with Paul and Patrick.

Best,

Saman

**Saman Rejali | K&L Gates LLP**
Phone: 310.552.5534 | Fax: 310.552.5001

**From:** Jim Sitkin <Jsitkin@SITKINLEGAL.COM>
**Sent:** Friday, December 06, 2019 4:57 PM
**To:** Rejali, Saman <saman.rejali@klgates.com>; Madden, Patrick <patrick.madden@klgates.com>; Sweeney, Paul W. <Paul.Sweeney@klgates.com>
**Cc:** Marc Silverman <msilverman@fwblaw.net>; jswidler@swartz-legal.com; Robert Soloff <robert@solofflaw.com>
**Subject:** Kazi v. PNC

Paul, Patrick, and Saman:

Plaintiffs will respond by next Friday to Saman's meet and confer letter and request to produce documents.

Please let me know soon your thoughts on the following:

1. Plaintiffs ask your stipulation to a one week extension to December 26th to file and serve the reply in support of certification.
2. Per Plaintiffs' document request 59, among others, please provide at this time all documents relating to the declarations filed in opposition to Plaintiffs' certification motion, including, but not limited to, prior drafts and communications with the declarants concerning their respective declarations and this case.
3. Per Plaintiffs' document request 65, please provide at this time all documents relating to Mr. Kazi's 2018 bankruptcy, on which basis the opposition challenges his adequacy. This includes documents relating to obtaining the 341 hearing recording.

Your cooperation in arranging the requested supplemental production by midweek would be appreciated.

Thank you,

Jim

This electronic message contains information from the law firm of K&L Gates LLP. The contents may be privileged and confidential and are intended for the use of the intended addressee(s) only. If you are not an intended addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this e-mail in error, please contact me at saman.rejali@klgates.com.

This electronic message contains information from the law firm of K&L Gates LLP. The contents may be privileged and confidential and are intended for the use of the intended addressee(s) only. If you are not an intended addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this e-mail in error, please contact me at Paul.Sweeney@klgates.com.