James M. Sitkin (SBN 107650)
jsitkin@sitkinlegal.com
1 Kaiser Plaza, Suite 505
Oakland, CA 94612
Tel: (415) 318-1048
Fax: (415) 362-3268

Justin L. Swidler
jswidler@swartz-legal.com
Swartz Swidler LLC
1101 Kings Hwy. N. Ste. 402
Cherry Hill, NJ 08034
Tel: (856) 685-7420
Fax: (856) 685-7417

Robert D. Soloff
robert@solofflaw.com
Robert D. Soloff, P.A.
7805 S.W. 6th Court
Plantation, FL 33324
Tel: (954) 472-0002
Fax: (954) 472-0052

Marc A. Silverman
msilverman@fwblaw.net
Frank Weinberg Black, P.L.
7805 S.W. 6th Court
Plantation, FL 33324
Tel: (954) 474-8000
Fax: (954) 474-9850

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TANSEER KAZI and LINDA SCHEID, individually and on behalf of all those similarly situated<br><br>Plaintiff(s),<br><br>vs.<br><br>PNC BANK, N.A., and DOES 1-100 inclusive<br><br>Defendant(s). | Case No. 3:18-cv-04810-JCS<br><br>CLASS ACTION<br>[Hon. Mag. Judge Joseph C. Spero]<br><br>**SUPPLEMENTAL DECLARATION OF MARC A. SILVERMAN, ESQ. IN FURTHERANCE OF MOTION FOR CLASS CERTIFICATION**<br><br>Date: January 24, 2020<br>Time: 9:30 a.m.<br>Trial Date: None Set |

I, Marc A. Silverman, Esq., hereby declare as follows:

1. I am one of the attorneys for the Plaintiffs in the above-styled cause, and duly licensed in the State of Florida, a partner with the law firm of Frank, Weinberg & Black, P.L., and previously admitted in this Court *pro hac vice*. I have personal knowledge of the matters of the facts recited herein.

2. On or about December 12, 2019, I attempted to contact David Deglow, Nelly Melian, Kyle Matthew Beagle, Anthony Locy, Bela Singh, Franco Lenteri and Jeff Rhodes, all of whom were proffered by the Defendant in their Opposition papers to the Plaintiffs' Motion to Certify Class.

3. All of the aforementioned persons testified in their Declarations filed by Defendant, PNC Bank, N.A. ("PNC"), that they are current Mortgage Loan Officers ("MLOs") employed by the Defendant, PNC Bank.

4. After they were proffered by PNC in connection with the Opposition papers, I made an effort to contact each of the aforementioned persons, all of which were presumably members of the putative class, the subject of the Plaintiffs' Motion and the Opposition papers filed by PNC.

5. The telephone number listed the National Multiple License System/Nationwide Mortgage Licensing System and Registry ("NMLS") for Mr. Lenteri was not a working number and, as such, I was not able to make contact with Mr. Lenteri.

6. Despite my efforts, I was unable to make any contact with Mr. Rhodes nor Mr. Beagle, but left messages for Mr. Beagle and Mr. Rhodes, who did not return my voice messages.

7. I did have the opportunity to speak to Anthony Locy, Bela Singh, Nelly Melian and David Deglow.

8. My communications with Bela Singh and Nelly Melian were brief because, while each of them indicated that they were willing to discuss their declarations, prior to doing so, they told me that they needed to speak to "our attorney," who they identified as Paul Sweeney, Esq., lead counsel for PNC in this action.

9. Both Bela Singh and Nelly Melian said to me that they would contact me after speaking to Mr. Sweeney, and that their communication with me would be subject to the approval of Mr. Sweeney. Neither of them called me back to continue our conversations. The only inference that I was left with was that Mr. Sweeney did not approve it.

10. My conversation with David Deglow on December 12, 2019 was as follows:

   a. Mr. Deglow stated to me at the outset that he was hesitant to speak to me because the conversation related to his job. My understanding was that he was at least concerned that speaking to me would potentially be treated negatively by his employer, PNC.

   b. Mr. Deglow told me, in relation to the Declaration that he attested to (which was filed as part of PNC's Opposition in this case), that he was contacted by Mr. Sweeney "a few weeks ago" in relation to the Declaration.

   c. Mr. Deglow stated that Mr. Sweeney never indicated to him prior to questioning him or preparing the Declaration for Mr. Deglow, that Mr. Sweeney was not acting as his counsel (nor did he tell Mr. Deglow that he was representing him for that matter), nor did Mr. Sweeney ever advise Mr. Deglow that he was a potential member of the putative class subject of this action.

   d. He told me that Mr. Sweeney never told him that he had a potential claim in this action.

e. Mr. Deglow told me that he was not told by Mr. Sweeney that the Declaration that he was being asked to give was potentially against his interest, and/or that PNC may have had an adverse interest to Mr. Deglow in connection with the Declaration that he was being asked to give.

f. I asked Mr. Deglow whether Mr. Sweeney ever identified any of the Plaintiffs' counsel during his conversations to which Mr. Deglow replied, "no."

g. Mr. Deglow stated that while he was able to review the Declaration prior to its being signed, he did not have any part in drafting the Declaration, nor did he make any changes to it prior to executing it. He indicated that he was not given a copy of it to retain once executed. In response to my question as to whether the Declaration was a "word for word" recitation of his statements made to Mr. Sweeney, he stated that it was more like a summary of what he had said.

h. When asked how the claims in the instant action were represented to him, Mr. Deglow stated that he did not recall specifically.

11. My conversation with Anthony Locy on December 12, 2019 resulted in the following:

a. Mr. Locy stated to me that he had been contacted by Mr. Sweeney within the "last 3 weeks or so" via email – he believed around the first week of November of 2019 and had about a 45- minute conversation with Mr. Sweeney.

b. Mr. Locy told me that he did not recall Mr. Sweeney ever telling him prior to questioning him or preparing the Declaration for him that Mr. Sweeney was not acting as his counsel (nor did he tell Mr. Locy that he was representing him for that matter). Mr. Locy further told me that Mr. Sweeney did not tell him that

he was a potential member of the putative class subject of this action or that the Declaration that he was about to give was potentially adverse to his interests.

    c. Mr. Locy indicated that he was told via email that his selection to give his Declaration was "random" and part of a "random selection" of PNC MLO's.

    d. Mr. Locy responded "no" when asked as to whether Mr. Sweeney, prior to interviewing him or requesting the Declaration, indicated that PNC's interest was potentially adverse to his.

    e. I asked Mr. Locy whether Mr. Sweeney ever identified any of the Plaintiffs' counsel during his conversations to which Mr. Locy replied, "no."

    f. When asked how the claims in the instant action were represented to him, Mr. Locy stated that he was told that the case was about "overtime", "bonuses" "onboarding procedures" and "draw versus commissions." He did not have knowledge about the allegations made in the operative version of the Complaint in this action.

12. I called Nelly Melian on December 12, 2019 and left a message on her voicemail. She returned my message around 10 minutes later and my conversation with her was very brief after I indicated that I wanted to ask her a few questions about her Declaration. She indicated to me that while she was willing to speak to me, she had to speak to "her" attorney. I asked her if that person was Paul Sweeney and she responded, "yes."

13. I called Bela Singh on December 12, 2019 and my conversations with her was very brief. She indicated to me that while she was willing to speak to me, she had to speak to what she described as "our attorneys." When I asked her who that was, she told me that Paul Sweeney was the person that she needed to contact.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed on this 18th day of December, 2019, in Plantation, Florida.

/s/ Marc A. Silverman
Marc A. Silverman

Pursuant to Local Rule 5-1(i), I hereby certify that the content of this document is acceptable to Marc A. Silverman, counsel for Plaintiffs, and that I have obtained his authorization to affix his electronic signature to this document.

*/s/ Justin Swidler*