James M. Sitkin (SBN 107650)
jsitkin@sitkinlegal.com
1 Kaiser Plaza, Suite 505
Oakland, CA 94612
Tel: (415) 318-1048
Fax: (415) 362-3268

Justin L. Swidler
jswidler@swartz-legal.com
Swartz Swidler LLC
1101 Kings Hwy. N. Ste. 402
Cherry Hill, NJ 08034
Tel: (856) 685-7420
Fax: (856) 685-7417

Robert D. Soloff
robert@solofflaw.com
Robert D. Soloff, P.A.
7805 S.W. 6th Court
Plantation, FL 33324
Tel: (954) 472-0002
Fax: (954) 472-0052

Marc A. Silverman
msilverman@fwblaw.net
Frank Weinberg Black, P.L.
7805 S.W. 6th Court
Plantation, FL 33324
Tel: (954) 474-8000
Fax: (954) 474-9850

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TANSEER KAZI, *et al.*, individually and on behalf of all those similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>PNC BANK, N.A., *et al.*,<br><br>Defendants. | Case No.: 3:18-cv-04810-JCS<br><br>**SUPPLEMENTAL DECLARATION OF JUSTIN SWIDLER IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**<br><br>Date: January 24, 2020<br>Time: 9:30 a.m.<br>Before: Hon. Joseph C. Spero<br><br>Trial Date: None Set |

---

Supp. Decl. of Justin Swidler in Support of Plaintiffs' Motion for Class Certification
Case No.: 3:18-cv-04810-JCS

I, JUSTIN SWIDLER, declare as follows:

1. I am an attorney at law admitted to practice *pro hac vice* to practice before this Court. I am among the attorneys herein representing Plaintiffs Tanseer Kazi and Linda Scheid ("Plaintiffs"). I submit this declaration in support of Plaintiffs' motion for class certification and in response to the Opposition of Defendant PNC Bank, N.A. ("PNC" or "Defendant").

2. I, along with my co-counsel Robert D. Soloff and Marc A. Silverman, were certified class and collective counsel in a prior action against PNC filed by a nationwide class of mortgage loan officers, *Lemuel Bland, et al. v. PNC Bank, N.A., et al.*, filed in the Western District of Pennsylvania at docket number: 2:15-cv-01042-AJS (hereinafter "*Bland*").

3. Mr. Tanseer Kazi was both an opt-in plaintiff (for claims made under the FLSA) and a certified class member in *Bland*. His consent form is publicly on file with the *Bland* Court at ECF Doc. Number 98-1, page 37. His Consent form was filed on January 28, 2016, at which point I, along with Mr. Soloff and Mr. Silverman, were his counsel for wage and hour claims asserted *in Bland* against PNC.

4. In Defendant's Opposition to Plaintiff's Motion for Class Certification, Defendant makes a number of unfounded attacks against Plaintiffs and their counsel. Perhaps most significantly, Defendant alleges that undersigned counsel "solicited" Mr. Kazi improperly, implicitly arguing that Plaintiffs' Counsel has engaged in conduct in violation of the Rules of Professional Conduct.

5. The *Bland* Court entered an order approving a class-wide settlement of $16 million on April 11, 2017. Class Settlement Approval Order, *Bland* (ECF Doc. 365).

6. Pursuant to the terms of the settlement, Mr. Kazi (along with other class and collective action members) were entitled to a share of the $16 million settlement. As a consequence of these payments, the claims administrator was required to issue tax

documents at the beginning of 2018, *i.e.* W2 and 1099 forms to each settlement recipient. This included Mr. Kazi and others.

7. My firm had received numerous requests from class members requesting such tax forms, as class members need such forms to complete their taxes and receive a tax refund. My firm also had received inquiries from California class members about the legality of PNC's ongoing pay practices. Due to the number of requests we were receiving, I wrote an email entitled "PNC Lawsuit – Update" and sent it to each of the opt-in plaintiffs in the *Bland* matter, including Mr. Kazi, to advise them of the status of such documents, the claims administrator, and to collect further information about PNC's pay practices The email was sent on February 12, 2018. Because the email is written between attorney and client, and because it directly deals with our legal representation, it is privileged pursuant to the attorney-client privilege. Nevertheless, I am prepared to produce a copy of the email to the Court for its *in camera* inspection if requested and without waiving privilege.

8. Mr. Kazi responded to that email on the same day, which prompted our consultation and ultimately our representation of Mr. Kazi in the matter before the Court.

9. Such communications, between legal counsel and their clients, do not constitute improper solicitation, but instead investigation and legal advice between client and attorney; there is nothing improper of an attorney requesting such information from his client so he can evaluate claims or advising his client on potential legal violations of his employer as well as his potential avenues for relief.

10. Accordingly, my contact with Mr. Kazi, all of which occurred after he affirmatively agreed that I represent him in wage and hour claims against PNC by signing an opt-in form in *Bland*, was entirely proper, does not constitute improper solicitation, and affords no basis to find my firm, or any of the firms who were counsel in *Bland* (or Mr. Sitkin's firm which was not counsel in *Bland*), as inadequate class counsel. And though Mr. Kazi no longer seeks to be a class representative for purposes unrelated to this

allegation, nothing regarding how he first retained us as counsel in this matter would provide a basis to find him inadequate. To the contrary, my Firm's work in the *Bland* matter, along with Mr. Soloff's and Mr. Silverman's, which provided us a background in how PNC compensates its MLOs and which resulted in a substantial settlement against PNC, demonstrates our abilities in this area of the law and our adequacy as counsel in this action.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this declaration was executed on December 18, 2019 in Cherry Hill, New Jersey.

          */s/Justin Swidler*
          Justin Swidler