UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TANSEER KAZI, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>PNC, BANK, N.A.,<br><br>    Defendant. | Case No. 18-cv-04810-JCS<br><br>**ORDER REGARDING ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL**<br><br>Re: Dkt. Nos. 72, 76, 80 |

## I.   LEGAL STANDARD

In order to rebut the presumption of public access to judicial proceedings, a party must show "compelling reasons" to maintain documents under seal if they are filed in connection with motions "more than tangentially related to the merits of a case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016). The present motion for class certification meets that standard. Under this Court's local rules, a request to seal also must be "narrowly tailored to seek sealing only of sealable material." Civ. L.R. 79-5(b).

## II.   MOTION TO SEAL PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

Plaintiffs Tanseer Kazi and Linda Scheid filed an administrative motion to seal portions of their motion for class certification, as well as evidence submitted therewith, on the basis that Defendant PNC Bank, N.A. ("PNC") designated material contained in those documents as confidential. *See* dkt. 72. PNC filed a responsive declaration by Jason Mackenzie pursuant to Civil Local Rule 79-5(e) addressing some of those documents. Mackenzie Decl. (dkt. 75).

Mackenzie's declaration does not address the redacted material in Plaintiffs' memorandum of points and authorities in support of their motion for class certification, or Exhibits 1-A, 1-B, and 1-E to that motion. The administrative motion is therefore DENIED as to those documents, and Plaintiffs shall file them unredacted in the public record no later than January 27, 2020.

The administrative motion is GRANTED as to Exhibit 1-D, PNC's Mortgage Originations Incentive Plan. PNC has shown compelling reasons to seal the particular technical details of its compensation structure to avoid competitive disadvantage, and the Court is not persuaded that redaction of the plan itself to protect those details would be practical. That document will remain under seal.

The administrative motion is DENIED WITHOUT PREJUDICE as to Exhibits 1-F (Mackenzie's deposition transcript) and 1-H (Michael Smiles's deposition transcript). Although portions of those depositions—e.g., particular rates of sales commissions, and perhaps particular confidential subject matter of PNC's training programs—might be subject to sealing, the Court is not persuaded that compelling confidentiality concerns cannot be addressed by redactions rather than sealing those documents in their entirety. Much of those transcripts' contents need not be sealed, such as the deponents' work histories, broad descriptions of training on, for example, PNC's culture and values, and the basic structure of PNC's compensation of loan officers as a combination of commission-based incentives, regular pay, and other factors. PNC may file its own administrative motion to seal narrowly tailored portions of these transcripts no later than January 29, 2020. Plaintiffs shall not file these documents in the public record pending further order of the Court.

### III. MOTION TO SEAL PNC'S OPPOSITION

Much like the transcripts discussed above, PNC overreaches in its administrative motion to seal portions of its opposition brief and several attachments thereto. *See* dkt. 76. PNC has not demonstrated compelling reasons to maintain the basic structure of its compensation—for example, the fact that loan officers can receive incentive pay on a monthly basis—under seal, much less facts that could largely be determine from public sources, such as the number of loan officers that PNC has employed in California.

PNC's administrative motion is GRANTED as to Exhibits 4 and 5 to Janet Groh's declaration, which are confidential settlement agreements, and as to Exhibits 1 through 7 of Michael Smiles's declaration, which are the plan documents setting forth the technical details of PNC's incentive compensation plans. Those documents may remain under seal in their entirety.

1   PNC's administrative motion is DENIED WITHOUT PREJUDICE as to all other documents at issue in this administrative motion, which PNC either has improperly sought to seal in their entirety or for which it has proposed overly broad redactions. PNC may file a renewed administrative motion to seal narrowly tailored portions of those documents no later than January 29, 2020. PNC faces a heavy burden to justify redacting more than particular numerical figures and monetary values from these documents.

## IV.  MOTION TO SEAL PLAINTIFFS' REPLY

As with their motion for class certification, Plaintiffs also filed an administrative motion to seal portions of their reply brief and supporting documents based solely on PNC's assertion of confidentiality. Dkt. 80. PNC did not file a responsive declaration as required by Civil Local Rule 79-5(e)(1). This administrative motion is therefore DENIED, and plaintiffs are instructed to file the documents at issue unredacted in the public record <u>no earlier</u> than January 27, 2020, and no later than February 3, 2020. *See* Civ. L.R. 79-5(e)(2). If PNC's failure to file a responsive declaration was inadvertent, and PNC files its own administrative motion to seal portions of these documents before January 27, 2020, Plaintiffs shall not file these documents in the public record until the Court rules on PNC's motion. Any such motion from PNC must show good cause for PNC's failure to file a timely responsive declaration.

**IT IS SO ORDERED.**

Dated: January 22, 2020

JOSEPH C. SPERO
Chief Magistrate Judge