United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TANSEER KAZI, et al.,<br>　　　　Plaintiffs,<br>　v.<br>PNC BANK, N.A.,<br>　　　　Defendant. | Case No. 18-cv-04810-JCS<br><br>**ORDER REGARDING DEFENDANT'S ADMINISTRATIVE MOTION TO SEAL PORTIONS OF PLAINTIFFS' REPLY**<br>Re: Dkt. No. 89 |

Plaintiffs Tanseer Kazi and Linda Scheid filed an administrative motion to seal portions of their reply brief regarding class certification and an attached declaration on the sole basis that Defendant PNC Bank, N.A. ("PNC") designated material contained therein as confidential. *See* dkt. 80. The Court denied that motion because PNC failed to file a responsive declaration in support of sealing as required by Civil Local Rule 19-5(e), but allowed PNC to file its own motion and explain why it failed to file a declaration. *See* dkt. 86.

PNC now moves to seal portions of the materials at issue. *See* dkt. 89. "Counsel for PNC mistakenly believed that the declarations filed in support of the administrative motions to file under seal that were submitted in connection with the Motion for Class Certification and the Opposition thereto were sufficient to explain the reason for sealing similar confidential materials filed with Plaintiffs' Reply." Rejali Decl. (dkt. 89-1) ¶ 3. The Court's local rules require a responsive declaration each time an opponent seeks to seal its filings based on a party's designation of confidentiality. The standard for designating discovery material as confidential is relatively low in most cases, and the Court relies on the designating party to identify which portions of that material it believes meets the more stringent standard of "compelling reasons" to rebut the presumption of public access to judicial proceedings[1]—as PNC has now done here.

---

[1] *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016).

The Court notes and appreciates PNC's restraint in now moving to seal only a fraction of the material that Plaintiffs, in an abundance of caution, redacted from their original filing. Nevertheless, the Court is not persuaded that compelling reasons warrant sealing the broad outline of how PNC structures its compensation of loan officers (which was discussed on the record at the January 24, 2020 hearing), or that any competitive harm is likely to befall PNC if such an outline is disclosed in Plaintiffs' filings. PNC has shown compelling reasons to seal only the specific figures regarding loan officer compensation and similar details of the compensation plan. PNC's administrative motion is therefore GRANTED in part and DENIED in part, as follows:

**A. Plaintiffs' Reply Brief**

Page 4: GRANTED only as to the dollar value of the salary at line 10; otherwise DENIED.

Page 5: DENIED as to all proposed redactions.

Page 6: DENIED as to all proposed redactions.

Page 7: GRANTED only as to the dollar value at line 21; otherwise DENIED.

Page 8: GRANTED only as to the dollar values and numbers of employees; otherwise DENIED. For example, in PNC's first proposed redaction in footnote 15, the words "the gross amount of," "across," and "MLOs" may not be redacted.

Page 9: DENIED as to the only proposed redaction.

**B. Supplemental Declaration of James Sitkin**

Exhibit 2: GRANTED as to all proposed redactions.

Exhibit 3: GRANTED only as to the proposed redactions on lines 24 and 25 of page 266; otherwise DENIED.

* * *

Plaintiffs shall file public versions of their reply brief and the supplemental declaration of James Sitkin consistent with this order no later than February 3, 2020.

**IT IS SO ORDERED.**

Dated: January 28, 2020

JOSEPH C. SPERO
Chief Magistrate Judge

2