UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TANSEER KAZI, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>PNC BANK, N.A.,<br><br>    Defendant. | Case No. 18-cv-04810-JCS<br><br>**ORDER ON SECOND DISPUTE REGARDING CLASS NOTICE**<br><br>Re: Dkt. No. 141 |

    California law generally requires balancing any serious and reasonable privacy interests of potential absent class members against plaintiffs' need for discovery. California courts have endorsed providing notice to potential class members and an opportunity to opt out of disclosing their contact information to class counsel, including in employment cases like the case at hand. *Belaire-West Landscape, Inc. v. Superior Court*, 149 Cal. App. 4th 554, 561–62 (2007) (holding that the "contact information for Belaire-West's current and former employees deserves privacy protection," and that providing notice and an opportunity to opt out of sharing that information sufficiently protected that interest); *see generally Pioneer Elecs. (USA), Inc. v. Superior Court*, 40 Cal. 4th 360 (2007) (approving a similar opt-out notification process in a product defect case).

    The parties previously provided such notice in this case, and some potential class members who work or worked for Defendant PNC Bank, N.A. ("PNC") opted out of such disclosure. The parties also previously raised a dispute with the Court regarding whether those employees' preferences should be set aside now that a class has been certified. The Court held that class counsel was not entitled to receive contact information for class members who had declined to provide it until after the deadline to opt out of the class, but that PNC must thereafter "produce contact information for all remaining class members"—i.e., current and former employees who

did not opt out of the class—"who previously elected not to provide contact information." Order re Class Notice (dkt. 138). Despite the Court's guidance, the parties continue to dispute what contact information class counsel should receive.

One part of the present dispute is the same issue the Court previously resolved. As a general rule, class counsel is not entitled to contact information for current or former employees who both opted out of providing such information and opt out of the class. Any such employees will have made clear their desire not to participate in this case. Having previously ordered the parties to allow employees to opt out of providing their contact information, the Court will not set aside such a decision absent some indication that those employees possess relevant information that is not redundant to what class counsel can obtain from others more willing to participate. *See* Order Approving Def.'s Belaire Notice (dkt. 79). In the previous order requiring PNC to produce contact information after the class opt-out deadline, the Court required the production of such information only for class members who initially declined to share their contact information but ultimately remained in the class. *See* Order re Class Notice.

Although the issue of redacting opt-out forms was not raised directly in the previous dispute, the Court agrees with PNC that, in order to give effect to that order and to employees' privacy interests and clearly-stated preferences, any contact information appearing on opt-out forms for current or former employees who previously objected to sharing their contact information must be redacted before the forms are shared with class counsel. The Court will therefore issue PNC's proposed order regarding class notice.

That said, this order does not relieve PNC of its duty to disclose potential witnesses under Rule 26(a)(1)(A)(i) of the Federal Rules of Civil Procedure, and to supplement such disclosure promptly under Rule 26(e). PNC has already breached that obligation once in this case by submitting declarations from employees without first disclosing them as potential witnesses. While *Belaire-West* and similar California decisions have recognized that potential class members may have privacy interests in their contact information, they have also recognized that such interests are subject to balancing against the needs of a case. *See Pioneer Elecs.*, 40 Cal. 4th at 374 ("Our discovery statute recognizes that 'the identity and location of persons having

[discoverable] knowledge' are proper subjects of civil discovery." (quoting Cal. Civ. Proc. Code § 2017.010; alteration in original)); *Belaire-West*, 149 Cal. App. 4th at 562 ("The current and former employees are potential percipient witnesses to Belaire-West's employment and wage practices, and as such their identities and locations are properly discoverable."). Allowing PNC access to potential relevant witnesses while preventing class counsel from contacting those individuals would undermine the reciprocal and open discovery required by the Federal Rules of Civil Procedure.

Accordingly, if PNC believes a current or former employee likely has relevant and non-cumulative information about this case, PNC must disclose that employee's name and contact information to class counsel as required by paragraphs (a)(1)(A)(i) and (e)(1) of Rule 26, even if the employee previously declined to provide their contact information and opted out of the class. Such disclosure is required before PNC interviews any current or former employee about the case or solicits a declaration, but is not limited to those circumstances. Similarly, if Plaintiffs have particularized reason to believe that an employee who opted out of disclosing contact information and out of the class possesses relevant and non-cumulative information that Plaintiffs cannot obtain from another source, Plaintiffs may request that employee's contact information.

**IT IS SO ORDERED.**

Dated: July 29, 2020

JOSEPH C. SPERO
Chief Magistrate Judge