UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TANSEER KAZI, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>PNC BANK, N.A.,<br><br>    Defendant. | Case No. 18-cv-04810-JCS<br><br>**ORDER GRANTING PLAINTIFFS'**<br>**MOTION TO DISMISS**<br><br>Re: Dkt. No. 144 |

    This action was originally filed by Plaintiff Tanseer Kazi. In November of 2018, the parties stipulated to Plaintiffs filing an amended complaint naming Linda Scheid as an additional plaintiff. *See* Order on Stipulation (dkt. 30). Although Plaintiffs originally moved for both Kazi and Scheid to serve as class representatives, Plaintiffs conceded in their reply brief on class certification that only Scheid qualified as a class representative due to Kazi's bankruptcy, and the Court certified a class represented only by Scheid. *See generally* Order re Mot. for Class Certification (dkt. 96).[1]

    Plaintiffs now move under Rule 41(a)(2) of the Federal Rules of Civil Procedure to voluntarily dismiss Kazi as a named plaintiff, without prejudice to Kazi (or his bankruptcy trustee) recovering as an absent class member. *See generally* Mot. (dkt. 144). The bankruptcy trustee does not object to Kazi's dismissal on those terms. Sitkin Decl. (dkt. 144-2) ¶ 3. Defendant PNC Bank, N.A. ("PNC") opposes Plaintiffs' motion, arguing that because Rule 41 only permits dismissal of an "action" in its entirety, Kazi cannot be dismissed as a named plaintiff under that rule while retaining any right to recover as part of the class—and such a result "probably cannot be accomplished any other way," either. Opp'n (dkt. 147) at 1–2. The Court finds the matter

---

[1] *Kazi v. PNC Bank, N.A.*, No. 18-cv-04810-JCS, 2020 WL 607065 (N.D. Cal. Feb. 7, 2020).

suitable for resolution without oral argument and VACATES the hearing set for September 4, 2020.

As PNC notes, the Ninth Circuit has held that Rule 41(a) is not a vehicle for a plaintiff to dismiss some but not all claims against a particular defendant, which must instead be accomplished by amendment under Rule 15(a).  *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 687–88 (9th Cir. 2005).  The *Hells Canyon* court further held that the "'fact that a voluntary dismissal of a claim under Rule 41(a) is properly labeled an amendment under Rule 15 is a technical, not a substantive, distinction,'" and that the plaintiff's abandonment of a claim in an earlier case (which the defendant argued should have preclusive effect) was best construed as an amendment allowed by that court under Rule 15, to which prejudice did not attach.  *Id.* at 689–90 (quoting *Nilsson v. Motorola, Inc.*, 203 F.3d 782, 784 (Fed. Cir. 2000)).  The Ninth Circuit has also held that Rule 41(a)'s limitation to dismissal of an "action" is not so strict as to prevent a plaintiff from dismissing all claims against a given defendant while retaining claims against other defendants.  *Id.* at 687 (citing *Pedrina v. Chun*, 987 F.2d 608, 609 & n.1 (9th Cir. 1993)).

The dismissal plaintiffs seek here comports with Rule 41(a)(2).  Plaintiffs propose to dismiss *all* of Kazi's claims, such that Kazi will no longer be a named party in the case.  True, Kazi (or the bankruptcy trustee) might still recover as an absent class member, but such is the nature of dismissal "without prejudice," which Rule 41(a)(2) specifies as the default effect of dismissal thereunder.  To the extent that the possibility of recovery in the same action (albeit not as a party) deviates from a typical dismissal, Rule 41(a)(2) grants the Court discretion to dismiss "on terms that the court considers proper."  Here, the Court finds the terms that Plaintiffs have requested to be proper, in order to permit efficient resolution of the case without requiring parallel proceedings between the class and Kazi's individual claims, nor need for active involvement by the bankruptcy trustee.  Courts in this district have routinely granted motions to dismiss named plaintiffs without prejudice to recovery as class members under similar circumstances.[2]  PNC cites

---

[2] *Huynh v. Quora, Inc.*, No. 18-cv-07597-BLF, 2020 WL 4584198, at *3 (N.D. Cal. Aug. 10, 2020) ("The Court does not find it would be inequitable or prejudicial to Defendant to allow Cooper to become an absent class member should the putative class be certified."); *Young v. LG*

2

no case to the contrary.

PNC argues that it "has been prejudiced by Mr. Kazi's conduct" in that Plaintiffs' counsel failed to disclose Kazi's bankruptcy and acted on his behalf after Kazi had entered bankruptcy. Opp'n at 3 (heading capitalization omitted).  PNC suggests that Plaintiffs' counsel therefore might not have had authority to stipulate to adding Scheid as a second plaintiff, which PNC believes warrants discovery and might serve as grounds for a future motion for summary judgment. *Id.* The Court does not rule on this question at this time—although, given that the Court has approved Scheid as a plaintiff and as a class representative, and that the bankruptcy trustee has stated their lack of objection to Kazi being dismissed from this action while the bankruptcy estate retains Kazi's rights as a class member, there is likely no merit to PNC's argument.  In any event, whatever merit that position might have, it is not a reason to keep Kazi in the case, because Kazi's *dismissal* under the terms proposed will not prejudice PNC.  Plaintiffs' motion is therefore GRANTED, and all of Kazi's claims are DISMISSED without prejudice, including without prejudice to any relief he or his bankruptcy estate might recover as an absent class member.[3]

**IT IS SO ORDERED.**

Dated: September 2, 2020

JOSEPH C. SPERO
Chief Magistrate Judge

---

*Chem Ltd.*, No. 13-md-02420-YGR (DMR), 2015 WL 8269448, at *6 (N.D. Cal. Dec. 9, 2015) ("With their dismissal, the departing representatives will no longer be part of this case, or at most, will become absent class members to the extent they have any class claims."), *objection to recommendation denied as moot*, (N.D. Cal. Feb. 12, 2016); *Fraley v. Facebook, Inc.*, No. 11-cv-01726-LHK, 2012 WL 893152, at *4 (N.D. Cal. Mar. 13, 2012) ("[T]he Court does not find it would be inequitable or prejudicial to Defendant to allow Fraley and Wang to become absent class members should the putative Class be certified."); *see also* Reply (dkt. 148) at 2–3 (citing these cases and others in accord from other districts).

[3] The parties have consented to the jurisdiction of the undersigned magistrate judge for all purposes pursuant to 28 U.S.C. § 636(c).