UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TANSEER KAZI, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>PNC BANK, N.A.,<br><br>　　　　Defendant. | Case No. 18-cv-04810-JCS<br><br>**ORDER PROVIDING NOTICE OF POTENTIAL SUMMARY JUDGMENT FOR NON-MOVANT**<br><br>Re: Dkt. No. 164 |

　　　　The core issue in this case is whether the compensation system used by Defendant PNC Bank, N.A. ("PNC"), which treats certain employees' regular pay as an offset in calculating the commission-based incentive pay to which those employees might receive for a given pay period, violates California law requiring payment for rest breaks. The class of employees represented by lead plaintiff Linda Scheid (the "Class") moved for partial summary judgment on that issue (among others), seeking to establish that PNC's compensation scheme fails to compensate for rest breaks. *See* Pls.' Mot. (dkt. 161). PNC initially moved for partial summary judgment only on other issues: the effect of previous settlements on certain class members, and the viability of the Class's claims for inaccurate wage statements and waiting time penalties. *See* Def.'s Mot. (dkt. 158). In PNC's opposition brief, however, it asks for the first time that the Court grant summary judgment in its favor on the core issue of whether it compensation system complies with California law regarding rest breaks, citing Rule 56(f) of the Federal Rules of Civil Procedure for the proposition that a court may grant summary judgment for a nonmovant. *See* Def.'s Opp'n (dkt. 164) at 22.

　　　　Rule 56(f) allows a court to grant summary judgment for a nonmovant only "[a]fter giving notice and a reasonable time to respond." Fed. R. Civ. P. 56(f). While the Court has not yet

determined whether PNC's compensation system complies with California law, both parties have addressed the issue in depth, and the Court is of the opinion that the Class has had sufficient opportunity to address in its reply brief PNC's request for summary judgment on that issue.  In an abundance of caution, however, and to avoid the potential distraction of subsequent procedural objections should the Court ultimately be persuaded that PNC is entitled to such relief, the Court hereby provides notice that it is *considering* granting summary judgment for PNC on the first issue raised in the Class's motion: "Whether PNC Bank's MLO Compensation Plans failed to provide MLOs compensation for rest periods as required by California law, Cal. Lab. Code § 226.7, and Section 12 of the IWC Wage Order 4-2001 such that PNC is liable for failure to provide rest periods."  *See* Pls.' Mot. at 1.

If the Class believes it lacked a sufficient opportunity to respond to PNC's belated request for summary judgment on this issue, it may file a response to this order not exceeding two pages no later than March 3, 2021 identifying any prejudice to the Class from PNC's failure to include the request in its motion and specifying, broadly, any arguments or evidence that the Class was *unable* to present as a result of PNC raising the issue for the first time in its opposition.  The lack of any such procedural objection will not be construed as non-opposition to summary judgment on the merits, and the Court will consider all arguments and evidence raised in the parties' already-filed briefs before reaching a conclusion on this issue.

**IT IS SO ORDERED.**

Dated: February 26, 2021

_____
JOSEPH C. SPERO
Chief Magistrate Judge