# EXHIBIT A

Laura L. Ho (SBN 173179)
lho@gbdhlegal.com
Goldstein, Borgen, Dardarian & Ho
155 Grand Avenue, Suite 900
Oakland, CA 94612
Tel:  (510)-763-9800
Fax: (510) 835-1417

Justin L. Swidler
jswidler@swartz-legal.com
Swartz Swidler LLC
1101 Kings Hwy. N. Ste. 402
Cherry Hill, NJ  08034
Tel:  (856) 685-7420
Fax:  (856) 685-7417

Robert D. Soloff
robert@solofflaw.com
Robert D. Soloff, P.A.
7805 S.W. 6th Court
Plantation, FL 33324
Tel: (954) 472-0002
Fax: (954) 472-0052

Marc A. Silverman
msilverman@fwblaw.net
Frank Weinberg Black, P.L.
7805 S.W. 6th Court
Plantation, FL 33324
Tel: (954) 474-8000
Fax: (954) 474-9850

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TANSEER KAZI, *et al.*, individually and on behalf of all those similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>PNC BANK, N.A., *et al.*<br><br>Defendants. | Case No: 3:18-cv-04810-JCS<br><br>THIRD AMENDED COMPLAINT FOR VIOLATION OF CALIFORNIA LABOR CODE, CALIFORNIA INDUSTRIAL WELFARE COMMISSION ORDERS, AND CALIFORNIA UNFAIR COMPETITION LAW and DEMAND FOR JURY TRIAL<br><br>Date:<br>Time:<br>Before:    Hon. Joseph C. Spero<br>Courtroom: F<br><br>Trial Date: None Set |

Plaintiff LINDA SCHEID (Plaintiff), on behalf of herself and all others similarly situated, demanding trial by jury, allege as follows:

PARTIES

1. Plaintiff is informed and believes, and thereon allege, that defendant PNC BANK, N.A. (hereinafter "PNC") was and is a company in the business of banking, including specifically making residential mortgage loans, within the State of California.  Unless otherwise stated, all references herein are to PNC's policies and practices within the State of California since four years before the filing of the original Complaint herein on June 28, 2018.

2. Plaintiff is an adult individual, competent to bring this action. Plaintiff is a citizen and resident of the State of California. At the filing of the First Amended Complaint, PNC employed Plaintiff Linda Scheid in California as a Mortgage Loan Officer, but subsequently terminated her. Plaintiff, like other PNC Mortgage Loan Officers, has been responsible for originating and producing residential mortgage loans for potential borrowers from PNC, in accordance with PNC's established policies and procedures.

3. PNC has wrongly failed to provide paid rest periods (as that term is defined in California Wage Order 4-2001, § 12) or in their absence pay added wages (hereinafter "premium wages"), failed timely to pay all accrued premium wages for missed rest periods on termination of employment, failed to provide properly itemized pay statements, and failed to maintain proper time/pay records to or for Plaintiff and other of its former and present employees whom it employed as Mortgage Loan Officers as California law requires and as alleged below in greater detail.

4. Plaintiff is ignorant of the true names and/or capacities of the defendants sued herein as Does 1-100, inclusive, and therefore sue these defendants by such fictitious names.  Plaintiff will amend the complaint to allege their true names and capacities when ascertained.  Plaintiff is informed and believes, and thereon alleges, that each of the fictitiously named defendants is legally responsible for the occurrences herein alleged and that plaintiffs' losses and damages are the result of their wrongful conduct.  PNC and Does 1-100 are hereinafter collectively referred to as "Defendants."

## JURISDICTION AND VENUE

5. Throughout the relevant period, PNC has conducted its business in this judicial district. For example, PNC maintains an office at 5700 Stoneridge Mall Rd Suite 150, Pleasanton, CA 94588. Also, within the last year preceding the filing of this legal action, Plaintiff Tanseer Kazi performed services for PNC within the county of Alameda, California, for which days of work PNC was required to provide a rest period but failed to do so and then did not pay a premium wage.

6. This case was originally filed in the Superior Court in and for the County of Alameda, California. Defendant PNC removed this case to the U.S. District Court for the Northern District of California, invoking to 28 U.S.C. §§ 1332(d), 1441, and 1446.

## CLASS ACTION ALLEGATIONS

7. Plaintiff's claims alleged herein are brought individually on behalf of the Plaintiff and in a representative capacity on behalf of similarly situated current and former Mortgage Loan Officers. Plaintiff asserts violations of California law on behalf of herself and all others similarly situated, who are described as follows: all persons whom PNC employed in the State of California as a Mortgage Loan Officer at any time since four years before the filing of this legal action until such time as there is a final disposition of this lawsuit (hereinafter the "Class").

8. Plaintiff, who seeks to serve as representative of the Class, is a member of the Class. Like the other members of the Class, Plaintiff suffered some form of injury of which complaint is herein alleged on behalf of the Class whom Plaintiff seeks to represent, including not having been provided paid rest periods required by her non-exempt employee status in violation of California law. This includes not having received properly itemized pay statements identifying missed rest periods and premium wages owed for missed rest periods in violation of California law, not having been timely paid accrued final wages, not having been provided rest periods or paid premium pay in her absence, and not receiving pay for time worked which was not directly related to the work for which she was are paid a piece-rate, in violation of California law. In addition, Plaintiff is informed and believes, and thereon

allege, that Defendants have not maintained pay/time records for Plaintiff and the Class in violation of California law.

9. Plaintiff is unable to state the exact number of the Class. Plaintiff is informed and believes, and thereon alleges, that the Class exceeds 100 persons and are geographically dispersed, including across several counties in California. The members of the Class are so numerous as to make joinder impracticable. Plaintiff is informed and believes, and thereon allege, that Defendants have identified or can readily identify members of the Class, but that it is impractical, in light of their number and geographic diversity to bring them all before this Court as named plaintiffs.

10. The common questions of law or fact, which are of general interest, predominate over any questions affecting individual class members only, rendering a class action a superior to other available methods for the fair and efficient adjudication of the controversy. These questions are such that proof of a state of facts common to the members of the Class will entitle each member of the Class to some form of relief as requested in this Complaint. The questions of law or fact common to the Class, include, but are not limited to, the following examples:

    a. The rights that are the subject of this litigation are held in common by the Class' members, including Plaintiff, arise under California law. The Class' claims for violation of California Business & Professions Code §§ 17200, et seq. insofar as failure to provide rest periods or in their absence pay premium wages, failure to pay for time worked which is not directly related to the work for which they are paid a piece-rate, failure timely to pay final accrued premium wages on termination of employment, failure to provide accurate and complete itemized pay statements, and failure to maintain time/pay records rely on the California Labor Code or Industrial Welfare Orders as predicate unlawful acts to support a finding that Defendants have engaged and are engaging in unfair business practices.

    b. Since at least four years before the filing of this legal action, Defendants have had a uniform policy and practice for Plaintiff and the Class of not paying premium wages for missed rest periods, not separately paying for time not directly related to the piece-rate ("non-productive time"), not providing properly itemized pay statements that accurately reflect missed rest periods and premium wages for missed rest periods, not timely paying final accrued wages on

termination of employment, and, according to Plaintiff's information and belief, not maintaining records that accurately reflect hours worked and applicable hourly rates.

      c.     Since at least four years before the filing of this legal action, Defendants have had a policy and a uniform practice of paying Plaintiff and the Class on a commission basis. While nominally stating that Plaintiff and the Class are entitled to minimal hourly compensation, Defendants recapture such hourly compensation as a credit against commissions earned in the same or other pay periods. Whether this common compensation practice satisfies the requirement under California law that rest periods be paid is a common question.

      d.     During the relevant time, whether or not Defendants have acted in good faith so as to avoid penalties sought herein is a common question.

11. Plaintiff will fairly and adequately protect the interests of the Class, whom Plaintiff seeks to represent. Plaintiff's legal counsel, who is competent and experienced in wage and hour class action litigation, will also fairly and adequately represent the Class.

12. The claims of the Plaintiff are typical of the claims of the Class they would represent. Plaintiff is not asserting any individual claims qualitatively different from the Class claims.

13. The prosecution of separate actions by individual Class members would create the risk of inconsistent or varying adjudications of California law in different courts with respect to individual Class members, which could establish incompatible standards of conduct for Defendants.

14. Plaintiff is informed and believes, and thereon alleges, that Defendants, in refusing to pay and provide or pay employee benefits as herein alleged to or for the members of the Class, including Plaintiff, have acted and refused to act on grounds generally applicable to all claims, thereby making appropriate injunctive and monetary relief for all members of the Class.

15. Wherefore, a well-defined community of interest exists among the members of the Class, including Plaintiff.

### FACTUAL ALLEGATIONS

#### Summary

4

THIRD AMENDED COMPLAINT – CASE NO.: 3:18-CV-04810-JCS

16. Except where otherwise alleged, the following circumstances have existed since at least four years before the filing of this legal action and apply to the members of the Class, including Plaintiff. PNC has paid the Class Members on the basis of commissions earned for loans made. PNC nominally also has stated that the Class Members have been entitled to hourly pay in the event that the commissions did not rise to a specified level. However, any such hourly payments to Class Members have been subject to having been credited against commissions earned and thereby recaptured by Defendants. Consequently, Defendants have not paid the Class Members separate compensation as required for commission employees under California law. Defendants therefore have not provided the Class Members with rest periods that have been compliant with California law that at all relevant times has required that rest periods be separately compensated for piece rate employees. Additionally, Defendants' pay structure fails to pay for non-productive time such as: training sessions, webinars, meetings, including weekly staff meetings, driving, booting up a work computer, logging into Defendant's computer system, installing software and security updates on work computers, logging into Defendant's network, performing security opening procedures at a branch, and similar duties where Class Members are not selling loan products.

17. With notice to Defendants, Plaintiff and the Class regularly have worked sufficient hours to trigger Defendants' obligation to provide a compliant rest period. Defendants have not provided compliant rest periods as required by California IWC Wage Order No. 4-2001 and California Labor Code §226.7 by failing to provide Plaintiff and the Class paid ten (10) minute uninterrupted rest periods as set forth under California law for daily work periods in excess of 3.5 hours, nor paid premium wages in the absence of such required, paid, uninterrupted daily rest periods.

18. The itemized pay statements that Defendants have provided to Plaintiff and the Class Members have violated California Labor Code §226(a) by failing to include in each issued written pay statement al information required by Cal. Labor Code §226(a); including but not limited to, failing to provide an accurate itemized statement in writing for each pay period showing: (a) total hours worked by the Plaintiff or member of the class; (b) the number of piece rate units earned and applicable piece rate; (c) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee; (d) the total hours of non-productive time and the rate of

compensation for non-productive time; (e) the employee's total hours worked during the pay period and (f) not identifying missed rest periods and have not identified all premium wages to which Plaintiffs and the Class have been entitled.

19. Plaintiff is informed and believes, and thereon alleges, that Defendants' time and pay records are similarly inaccurate and do not accurately record missed rest periods and premium wages owed.

20. Class members who have terminated their employment have not been paid accrued wages represented by the premium wages owed for missed rest periods in a timely manner.

21. Defendants' failure to provide rest periods and in their absence to have paid premium wages has not been the result of clerical error or inadvertence but the result of a deliberate decision to adopt the above-described compensation model.

<u>FIRST CLAIM BY PLAINTIFFS ON BEHALF OF HERSELF AND THE CLASS AGAINST ALL DEFENDANTS FOR VIOLATION OF CALIFORNIA LABOR CODE AND CALIFORNIA INDUSTRIAL COMMISSION WAGE ORDERS –REST PERIODS</u>

(Class Claim)

22. Plaintiff hereby incorporates by reference as though fully set forth at length herein all prior Paragraphs of this Complaint.

23. As hereinabove alleged, Defendants willfully failed to provide paid rest periods or pay premium wages in lieu thereof as required by California Labor Code § 226.7, Wage Order 4-2001, § 12, and comparable paragraphs in any other applicable Wage Order. Defendants therefore breached their duties to Plaintiff, and other members of the Class who have performed services since three years before the filing of this legal action, under the California Labor Code and California Industrial Welfare Commission Wage Order 4-2001 or any other applicable Wage Order.

24. Defendants willfully failed to pay all termination wages, including accrued added wages for missed rest periods and wages for failing to pay for non-productive time, within the time limits set forth for the payment of termination wages under California Labor Code §§201-203. Defendants therefore breached their duties to the members of the Class who terminated their employment with PNC

since three years before the filing of this legal action, under the California Labor Code. Plaintiff requests that Defendants be required to pay the members of the Class who have terminated their employment with PNC at any time since three years before the filing of this legal action, waiting time penalties under California Labor Code § 203.

25. Plaintiff requests that Defendants be required to pay to them and other members of the Class who performed services in California for PNC at any time since three years before the filing of this legal action premium wages for missed rest periods, and any applicable statutory penalties. Plaintiff further requests that any unpaid residue be ordered paid "to nonprofit organizations or foundations to support projects that will benefit the Class or similarly situated persons, or that promote the law consistent with the objectives and purposes of the underlying cause of action, to child advocacy programs, or to nonprofit organizations providing civil legal services to the indigent…" as provided under California Code of Civil Procedure § 384(b).

26. In pursuing the claims alleged herein, including their investigation and litigation, Plaintiff has incurred or will incur attorneys' fees (and paralegal fees) and costs for which Plaintiff seeks reimbursement from Defendants. These costs include, but are not limited to, filing fees, deposition charges, service of process fees, photocopying, telephone charges, fax charges, postage charges, travel/transportation expenses, messenger and other delivery charges, expert/consultant expenses, expenses associated with the preparation of evidence for presentation at trial, and other charges customary to the conduct of litigation. An award of such fees and costs is appropriate because the prosecution of this action will result in in the enforcement of an important right affecting the public interest as (a) a significant benefit, whether pecuniary or non-pecuniary, will be conferred on the general public or a large class of persons, (b) the necessity and financial burden of private enforcement are such as to make the award appropriate, and (c) such fees should not in the interest of justice be paid out of the recovery.

Wherefore, Plaintiff prays for a judgment and a decree as hereinafter set forth.

SECOND CLAIM BY PLAINTIFF ON BEHALF OF HERSELF AND THE CLASS AGAINST ALL DEFENDANTS FOR VIOLATION OF CALIFORNIA LABOR CODE AND CALIFORNIA INDUSTRIAL COMMISSION WAGE ORDERS – UNPAID NON-PRODUCTIVE TIME

(Class Claim)

27. Plaintiff hereby incorporates by reference as though fully set forth at length herein all prior Paragraphs of this Complaint.

28. Defendants willfully failed to pay Plaintiff and Class Members for non-productive time. Specifically, the pay system implemented by Defendants does not provide separate hourly pay for non-productive time, including time spent engaging in training sessions, weekly meetings, and driving. Defendants therefore breached their duties to Plaintiff, and other members of the Class who have performed services since three years before the filing of this legal action, under the California Labor Code and California Industrial Welfare Commission Wage Order 4-2001 or any other applicable Wage Order.

29. As hereinabove alleged, Defendants willfully failed to pay to Plaintiff, and other members of the Class, accrued wages (whether calculated based on the statutory minimum wage rate or regular rate of pay) pay as required under the California Labor Code, including Labor Code §§ 221, 223, 226.2, and 1194, and paragraph 4 of California Industrial Welfare Commission Wage Order 4-2001 [8 CCR § 11040 (2001)], or any other applicable Wage Order. Defendants therefore breached their duties to Plaintiff, and other members of the Class who have performed services since three years before the filing of this legal action, under the California Labor Code and California Industrial Welfare Commission Wage Order 9-2001 or any other applicable Wage Order.

30. Defendants willfully failed to pay all termination wages, including for non-productive work time, within the 30 day time limit set forth for the payment of termination wages under California Labor Code §§201-203. Defendants therefore breached their duties to the members of the Class who terminated their employment with Defendants since three years before the filing of this legal action, under the California Labor Code. Plaintiff requests that Defendants be required to pay the members of the Class who have terminated their employment with Defendants at any time since three years before the filing of this legal action waiting time penalties under California Labor Code §§201-203.

31. Plaintiff requests that Defendants be required to pay to them, and other members of the Class who performed services for Defendants at any time since three years before the filing of this legal action, wages (calculated at the greater of the statutory minimum wage rate or regular rate of pay) and any applicable statutory penalties as provided under the California Labor Code or California Industrial Welfare Commission Wage Order(s), including under California Labor Code § 1194.2 and paragraph 20 of California Industrial Welfare Commission Wage Order 4-2001.  Plaintiff further requests that any unpaid residue be ordered paid "to nonprofit organizations or foundations to support projects that will benefit the Class or similarly situated persons, or that promote the law consistent with the objectives and purposes of the underlying cause of action, to child advocacy programs, or to nonprofit organizations providing civil legal services to the indigent…" as provided under California Code of Civil Procedure § 384(b).

32. In pursuing the claims alleged herein, including their investigation and litigation, Plaintiff has incurred and will incur attorneys' fees (and paralegal fees) and costs for which she seeks reimbursement.  These costs include, but are not limited to, filing fees, deposition charges, service of process fees, photocopying, telephone charges, fax charges, postage charges, travel/transportation expenses, messenger and other delivery charges, expert/consultant expenses, expenses associated with the preparation of evidence for presentation at trial, and other charges customary to the conduct of litigation.

Wherefore, Plaintiff prays for a judgment and a decree as hereinafter set forth.

THIRD CLAIM BY PLAINTIFF ON BEHALF OF HERSELF AND THE CLASS AGAINST ALL DEFENDANTS FOR VIOLATION OF CALIFORNIA LABOR CODE AND CALIFORNIA INDUSTRIAL COMMISSION WAGE ORDERS – ITEMIZED PAY STATEMENTS AND TIME/PAY RECORDS

(Class Claim)

33. Plaintiff hereby incorporates by reference as though fully set forth at length herein all prior Paragraphs of this Complaint.

34. As hereinabove alleged, Defendants willfully failed to provide itemized pay statements to Class Members as required by California Labor Code § 226 and paragraph 7 of California Industrial Welfare Commission Wage Order 4-2001 [8 CCR § 11090 (2001)], or any other applicable Wage Order.  Defendants also failed to maintain wage time records as required by California Labor Code § 226 and paragraph 7 of California Industrial Welfare Commission Wage Order 4-2001 [8 CCR § 11090 (2001)], or any other applicable Wage Order.  The itemized pay statements that Plaintiffs and the Class received have been inaccurate and violated California Labor Code §226(a) by failing to include in each issued written pay statement al information required by Cal. Labor Code §226(a); including but not limited to, failing to provide an accurate itemized statement in writing for each pay period showing: (a) total hours worked by the Plaintiff or member of the class; (b) the number of piece rate units earned and applicable piece rate; (c) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee; (d) the total hours of non-productive time and the rate of compensation for non-productive time; (e) the employee's total hours worked during the pay period and (f) not accurately identifying missed rest periods and premium wages owed at applicable hourly rates. Defendants therefore breached their duties to Plaintiff, and other members of the Class who have performed services in California since one year before the filing of this legal action under the California Labor Code and California Industrial Welfare Commission Wage Order 4-2001 or any other applicable Wage Order.

34 a. Plaintiff and the Class are "deemed to suffer injury" for purposes of Cal. Labor Code §226, because Defendants failed to provide accurate and complete written information to Plaintiff and the Class, as specified above in paragraph 34, and because Plaintiff and the Class therefore cannot promptly and easily determine from the wage statement alone, the total hours worked or the number of piece-rate units earned and any applicable piece rate. See Cal. Labor Code §226(B).

35. Plaintiff requests that Defendants be required to pay to Plaintiff, and other members of the Class who performed services in California for PNC at any time since one year before the filing of this legal action damages or statutory penalties as provided under California Labor Code, including § 226. Plaintiff further requests that any unpaid residue be ordered paid "to nonprofit organizations or foundations to support projects that will benefit the Class or similarly situated persons, or that promote

the law consistent with the objectives and purposes of the underlying cause of action, to child advocacy programs, or to nonprofit organizations providing civil legal services to the indigent…" as provided under California Code of Civil Procedure § 384(b).

36. In pursuing the claims alleged herein, including their investigation and litigation, Plaintiff has incurred or will incur attorneys' fees (and paralegal fees) and costs for which Plaintiff seeks reimbursement. These costs include, but are not limited to, filing fees, deposition charges, service of process fees, photocopying, telephone charges, fax charges, postage charges, travel/transportation expenses, messenger and other delivery charges, expert/consultant expenses, expenses associated with the preparation of evidence for presentation at trial, and other charges customary to the conduct of litigation.

Wherefore, Plaintiff prays for a judgment and a decree as hereinafter set forth.

## FOURTH CLAIM BY PLAINTIFF ON BEHALF OF HERSELF AND THE CLASS AGAINST ALL DEFENDANTS FOR VIOLATION OF CALIFORNIA UNFAIR COMPETITION LAW
(Class Claim)

37. Plaintiff hereby incorporates by reference as though fully set forth at length herein all prior paragraphs of this Complaint.

38. As hereinabove alleged, Defendants, in the course of PNC's business, have committed acts and engaged in a practice of unfair competition, as defined by California Business & Professions Code §17200, including the following: a) not providing rest breaks and in their absence paying required premium wages as California Labor Code §§ 226.7, California Wage Order 4-2001, ¶ 12, and comparable provisions within any other applicable Wage Order require, b) not paying wages for non-productive, c) not providing itemized pay statements as California Labor Code § 226, California Wage Order 4-2001, ¶ 7, and comparable provisions within any other applicable Wage Order require, d) not timely paying accrued premium wages and wages due for non-productive time on termination of employment as California Labor Code §§ 201-203 require, and e) not maintaining time/pay records as California Labor Code § 226, California Wage Order 4-2001, ¶ 7, and comparable provisions within any other applicable Wage Order require.

39. Defendants' unlawful business acts and practices present a continuing threat. Plaintiffs\ and other Class Members do not have an adequate remedy at law. Wherefore, Plaintiff requests that Defendants be enjoined from said violations and be ordered to take such steps as are proper to redress the unlawful conduct that has occurred to date, including the failure to provide legally compliant rest periods, failure to pay legally required premium wages, failure to provide properly itemized pay statements, and failure to maintain proper employee pay/time records, all as hereinabove alleged.

40. As a direct and proximate result of the above-described misconduct, Defendants have received and continue to hold ill-gotten gains belonging to others as described above, including Plaintiff. Plaintiff therefore requests that Defendants be ordered to make restitution and disgorgement of all said ill-gotten gains as part of a fluid fund recovery to be distributed in accordance with the Court's equitable discretion, including consideration that unpaid residue be paid "to nonprofit organizations or foundations to support projects that will benefit the Class or similarly situated persons, or that promote the law consistent with the objectives and purposes of the underlying cause of action, to child advocacy programs, or to nonprofit organizations providing civil legal services to the indigent…" as provided under California Code of Civil Procedure § 384(b).

41. Plaintiff requests reasonable attorney's fees under California Code of Civil Procedure §1021.5.

Wherefore, Plaintiff prays for a decree and judgment as hereinafter set forth.

### FIFTH CLAIM BY PLAINTIFF AGAINST ALL DEFENDANTS FOR VIOLATION OF LABOR CODE PRIVATE ATTORNEYS GENERAL ACT OF 2004, CALIFORNIA LABOR CODE §§2698, et seq.

(non-class, representative claim)

42. Plaintiff hereby incorporates by reference as though fully set forth at length herein all prior paragraphs of this Complaint.

43. Plaintiff, as an aggrieved employee, brings this claim under the Labor Code Private Attorneys General Act of 2004, California Labor Code § 2698, et seq. (PAGA), for herself and on behalf of all other Mortgage Loan Officers whom PNC employed in California at any time for which recovery is

authorized under PAGA through the trial of this matter. Recovery under this cause of action is sought only insofar as not obtained under any of the preceding claims.

44. As herein alleged, Defendants have violated the provisions of the California Labor Code, including in failing to provide duty free rest periods or in their absence pay added wages, failing to pay minimum wages, failing to pay wages owed in a timely manner, failing to provide itemized pay statements, and failing to keep time/payroll records. Plaintiff for herself and on behalf of all other Mortgage Loan Officers employed in California by PNC at any time for which recovery is authorized under PAGA through the trial of this matter seek recovery of unpaid wages resulting from said violations.

45. Pursuant to California Labor Code §2699, Plaintiff also seeks recovery of all penalties for Defendants' above-described violations of the California Labor Code, except insofar as recovered under a preceding claim. Such penalties for which Plaintiff now seeks recovery include, but are not limited to, those based upon the violation of or as provided under California Labor Code §§ 201-203, 204/204b, 210, 216, 225.5, 226, 226.2, 226.3, 226.7, 558, 1174, 1174.5, 1194, 1194.2, 1197, 1197.1, 1198 (incorporating Wage Order § 4-2001, § 12 and comparable sections in any other applicable Wage Order), and 2698-99.

46. Plaintiff requests an award of attorneys' fees, costs, and expenses, including as authorized under Labor Code §2699. Plaintiff further requests appropriate injunctive relief to stop Defendants' ongoing illegal conduct.

47. To the extent required by California Labor Code § 2699.3, Plaintiff Tanseer Kazi, for himself and on behalf of Mortgage Loan Officers whom PNC employed in California, by letter properly submitted on July 2, 2018 to the California Labor and Workforce Development Agency and sent that day by certified mail to PNC, provided notice of Plaintiff's intention to prosecute the claims herein alleged. The California Labor and Workforce Development Agency has not responded. Consequently, Plaintiff may seek recovery of the civil penalties sought in this claim.

Wherefore, Plaintiffs pray for a decree and judgment as follows.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks relief from this Court in the following respects:

1. The Court declares, adjudges and decrees that this action is a proper class action and certify the Class under California Code of Civil Procedure § 382.

2. The Court declares, adjudges and decrees that: a) Defendants violated the California Labor Code and California Industrial Welfare Commission Wage Orders in failing to provide rest periods or in their absence pay premium wages as required by Labor Code § 226.7 and applicable Wage Order(s) and failing timely to pay accrued wages to Class members on termination of employment to or for the Class members who performed services in California for PNC at any time since three years before the filing of this lawsuit, b) Defendants violated the California Labor Code and the California Industrial Welfare Commission Wage Orders in failing to provide compensation for non-productive work time; c) Defendants violated the California Labor Code and California Industrial Welfare Commission Wage Orders in failing to provide itemized pay statements as required under California Labor Code §226 and applicable Wage Order(s) and failing to maintain time/pay records as required under California Labor Code § 226 and applicable Wage Order(s), to or for the Class members who performed services in California for PNC at any time since one year before the filing of this lawsuit, d) Class members are entitled to an award for the unpaid premium wages for absence of paid, compliant rest periods, compensation for unpaid non-productive hours, waiting time penalties, penalties for absence of properly itemized wage statements/record maintenance, and any other applicable statutory penalties; and e) equitable distribution of the unpaid residue of any recovery pursuant to CCP § 384.

3. The Court declares, adjudges and decrees that: a) Defendants violated the California Unfair Business Practices Act/Unfair Competition Law, California Business & Professions Code §§ 17200, et seq., by engaging in unlawful conduct, including in failing to provide rest periods or in their absence pay premium wages as required by Labor Code § 226.7 and applicable Wage Order(s), failing to provide itemized pay statements as required under California Labor Code §226 and applicable Wage

Order(s), failing to pay wages for non-productive time, failing timely to pay accrued premium wages to Class members on termination of employment, and failing to maintain time/pay records as required under California Labor Code § 226 and applicable Wage Order(s), to or for the Class members who performed services in California for PNC at any time since four years before the filing of this lawsuit; b) Defendants should be ordered to make restitution and disgorgement of all ill-gotten gains, including unpaid premium wages for missed rest periods, into a fluid recovery fund; and c) injunctive relief prohibiting future violations of the rights of the Class members to unpaid wages.

   4. Penalties and other relief deemed appropriate under PAGA, California Labor Code § 2698, et seq.

   5. The Court decrees such other injunctive relief and/or enters such other orders as are necessary to dissipate or relieve the effects of the aforesaid violations and illegal acts by Defendants.

   6. Reasonable attorneys' fees and costs/expenses, both statutory and non-statutory.

   7. Pre-judgment and post-judgment interest as provided by law.

   8. Such other relief as the Court deems just and proper.

Dated:  June 11, 2021                    FRANK, WEINBERG & BLACK, P.L

                                         ROBERT D. SOLOFF, P.A.

                                         SWARTZ SWIDLER, LLC

                                         GOLDSTEIN, BORGEN, DARDARIAN & HO

                                         By: _/s/Laura Ho_____
                                         Laura Ho
                                         Attorney for Plaintiffs

   Plaintiffs hereby demands trial by jury.

Dated: June 11, 2021

FRANK, WEINBERG & BLACK, P.L

ROBERT D. SOLOFF, P.A.

SWARTZ SWIDLER, LLC

GOLDSTEIN, BORGEN, DARDARIAN & HO

By: /s/Laura Ho
Laura Ho
Attorney for Plaintiff

//

I.