UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TANSEER KAZI, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>PNC, BANK, N.A.,<br><br>    Defendant. | Case No. 18-cv-04810-JCS<br><br>**ORDER REGARDING ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL**<br><br>Re: Dkt. Nos. 157, 160, 163 |

The parties filed three administrative motions to file certain materials under seal in connection with their cross-motions for summary judgment. Where, as here, the underlying motions are more than tangentially related to the merits of a case, a party seeking to file under seal must show compelling reasons to do so. *See generally Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092 (9th Cir. 2016). Under this Court's local rules, requests to file under seal must be narrowly tailored. *See* Civ. L.R. 79-5(d)(1)(B).

The Court is satisfied that, with respect to PNC's January 15, 2021 administrative motion (dkt. 157) and January 29, 2021 administrative motion (dkt. 163), PNC has shown compelling reasons to seal narrowly tailored portions of the documents at issue. Those motions are GRANTED.

The Class moved to seal documents based solely on PNC's designations of confidentiality, noting its own position that none of the information at issue warrants sealing. *See* dkt. 160. PNC filed a responsive declaration pursuant to Civil Local Rule 79-5(e)(1) on February 26, 2021—after the deadline set by the local rule, but before the Court ruled on the administrative motion to seal or the underlying summary judgment motions. *See* Rejali Decl. (dkt. 173). The motion is GRANTED as to the materials addressed in that declaration. It is DENIED as to the following

exhibits not addressed by PNC, which the Class shall file unredacted in the public record no later than September 27, 2021: 1-A, 1-B, 1-O, 1-P, and 1-Q.  The administrative motion is GRANTED IN PART as to the Class's memorandum in support of its motion for summary judgment, and the Class shall file a new public version of that document by the same date, redacting only the passages addressed in Footnote 1 of PNC's declaration.

With respect to Exhibit 1-R, the deposition of Michael Smiles, PNC proposed filing only a twenty-page excerpt, consisting of the pages actually cited in the Class's motion for summary judgment, rather than redacting all confidential information in the full 273-page transcript that the Class sought to file under seal.  This approach is reasonable under the circumstances.  As PNC has already filed that excerpt unredacted (dkt. 173-1), the Class need not file a new public version of Exhibit 1-R.  The remaining pages not addressed in the Class's motion will not be considered part of the record of the case, except to the extent they may have been, or might later be, filed separately elsewhere in the record.[1]

Both parties are reminded to comply with the requirement that unredacted documents filed provisionally under seal "must indicate, by highlighting or other clear method, the portions of the document that have been omitted from the redacted version," a rule that both parties followed only sporadically for the documents at issue.  See Civ. L.R. 79-5(d)(1)(D).

**IT IS SO ORDERED.**

Dated: September 21, 2021

JOSEPH C. SPERO
Chief Magistrate Judge

---

[1] If the Class believes any other portion of that exhibit should be included in the record, it may file a response so stating no later than September 27, 2021.