UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDA SCHEID, <br>         Plaintiff, <br> v. <br> PNC BANK, N.A., <br>         Defendant. | Case No. 18-cv-04810-JCS <br><br> **ORDER GRANTING PLAINTIFF'S MOTIONS FOR FINAL PPROVAL OF SETTLEMENT, ATTORNEY'S FEES, LITIGATION COSTS, SERVICE PAYMENT AND FEES TO SETTLEMENT ADMINISTRATOR** <br><br> Re: Dkt. Nos. 264, 269 |

Before the Court is Plaintiff's Motion for Final Approval of Settlement and Related Relief, dkt. no. 269 ("Motion for Final Approval") and Plaintiff's Motion for Attorney's Fees, Costs, and Service Payment, dkt. no. 264 ("Fee Motion"). Two substantively identical objections ("Objections") to final approval were filed by class members Michael Treon and Nelly Mellian ("Objectors"). Dkt. nos. 267-268. A final fairness hearing was held on October 16, 2024 at which the parties and the Objectors appeared through counsel. No other class members attended the fairness hearing or raised any objection to the settlement. Having considered the papers submitted in support of the motions and the Objections and arguments presented by counsel at the fairness hearing, the Court GRANTS the Motion for Final Approval and the Fee Motion and ORDERS as follows:

    1. The Objections are OVERRULED. In their written objections, Objectors raised concerns about the list of claims contained in the second half of the release in Paragraph 24 of the Settlement Agreement,[1] following the words "including but not limited to." Objectors conceded

---

[1] The release states, in full:

    "Released Claims" means any and all known or unknown claims, costs, damages, interest, attorneys' fees, penalties, obligations, causes of action, and/or relief of any kind or nature

1 that the words that precede the list of claims are lawful under *Hesse v. Sprint Corp.*, 598 F.3d 581,
2 590-591 (9th Cir. 2010) ("we have held that federal district courts properly released claims not
3 alleged in the underlying complaint where those claims depended on the same set of facts as the
4 claims that gave rise to the settlement."). They argued, however, that the list of claims in the
5 second half of the release renders the release ambiguous to the extent the list includes claims that
6 have nothing to do with the facts of this case and therefore go beyond the scope allowed by *Hesse*.

7       The Court overrules this objection because the language of the release is clear.  As both
8 Plaintiff and PNC Bank conceded at the fairness hearing, the language that precedes the list of
9 claims limits the scope of the release to claims that arise out of or are based on the same set of
10 facts that gave rise to the settlement.  Thus, any claim that does not meet that requirement is not
11 released, *regardless* of whether it is included in the list of claims in the second half of the release.
12 It is based on this understanding – and not on the basis of any finding that the claims listed in the
13 second half of the release are necessarily encompassed by the release – that the Court overrules
14 this objection.

15       The Court also overrules the objection – raised for the first time at the fairness hearing by
16 Objectors -- that even if the release is lawful under *Hesse*, it is unfair because it releases valuable
17 claims that were not adequately taken into account by the parties when they negotiated the
18 settlement amount.  The bare assertions of Objectors' counsel that the settlement undervalues the

---

(i.e., whether under statute, contract, common law, or equity), during the Settlement Period, arising out of or based on the facts alleged in the Third Amended Complaint, including but not limited to claims for violations of California Labor Code §§ 201, 202, 203, 204, 204b, 210, 216, 221, 223, 225.5, 226, 226(a), 226(b), 226(e)(2)(B), 226.2, 226.3, 226.7, 512, 558, 1174, 1174.5, 1194, 1194.2, 1197, 1197.1, 1198, 2698, 2699, 2699.3, and 2802; violations of applicable California Wage Orders (including 4-2001 and 9-2001) §§ 3-5, 7-8, 11-12, 17, and 20; violations of California Business & Professions Code § 17200, et seq.; violations of and penalties under PAGA (including in relation to each issue and provision listed in this Settlement or otherwise covered in the Action, Complaint, and/or PAGA Notices); and relief under California Code of Civil Procedure sections 384 and 1021.5. "Damages" as used in this paragraph 24, refers to all damages that could be awarded for violations of the Released Claims, including but not limited to unpaid wages; liquidated, exemplary, punitive, and other damages; other monetary relief; statutory, regulatory, or other penalties; pre-judgment and postjudgment interest; statutory and non-statutory attorneys' fees; costs and expenses; injunctive relief; restitution; disgorgement; or any other kind.

Amended Stipulation, Settlement, and Release of Class Action and Private Attorneys General Act Claims, dkt. no. 261-1 ("Settlement Agreement"), Paragraph 24.

released claims does not persuade the Court that the amount of the settlement is unreasonable. Objectors' class action was filed just over a month ago and there is nothing in the record to suggest that any discovery has been conducted in that case. In contrast, there has been extensive discovery in this case, including the production of payroll data, time records, and compensation plans, as well as depositions of key witnesses. *See* Swidler Decl., dkt. no. 255-1, ¶¶ 7-8. In addition, Plaintiff's counsel, who are experienced class action attorneys, litigated this case vigorously over many years and believe the amount of the settlement and the scope of the release is fair and reasonable. *See* Swidler Decl., dkt. no. 255-1, ¶ 20; Soloff Decl., dkt. no. 255-3, ¶13; Silverman Decl., dkt. no. 255-4, ¶ 7. Finally, the settlement was negotiated over a period of ten months with the assistance of an experienced mediator and two magistrate judges and it is apparent from the release language and the definition of the Settlement Period (ending June 1, 2023) that the parties and the mediators did not exclude from the negotiations consideration of claims based on conduct that occurred after 2019. All of these facts point to the conclusion that the scope of the release does not render the amount of the settlement unfair to class members.

2. The Court GRANTS final approval to the Settlement Agreement, including the California Private Attorneys General Act ("PAGA") portion of the Settlement, as fair and reasonable and in the best interest of the class;

3. The Court GRANTS Plaintiff's request for a Service Payment to Plaintiff Linda Scheid, the sole class representative, of $10,000, for her significant contributions to the class;

4. The Court GRANTS Plaintiff's request for attorney's fees of 1/3 of the $11,850,000 Settlement Fund, totaling $3,950,000 as fair and reasonable;

5. The Court GRANTS Plaintiff's request for reimbursement of Class Counsel's litigation costs totaling $67,471.78;

6. The Court GRANTS Plaintiff's request for Angeion Group, LLC to be paid $28,500 from the Settlement Fund for payment for administration services provided to the class;

7. The Court ORDERS Defendant to wire the Gross Settlement Fund, together with an amount calculated by the Settlement Administrator as necessary to pay employer-side taxes, by no later than twenty (20) calendar days after the Effective Date of the Settlement, Settlement

1  Agreement ¶ 36.

2  8. The Court ORDERS Angeion Group, LLC to issue payments, less all required taxes
3  and withholding, to Class Members for the Individual Settlement Payments and Aggrieved
4  Employee Payments, by no later than the later of: (1) the Effective Date of the Settlement, or (2)
5  ten (10) calendar days after Defendant transfers the gross settlement fund to it, Settlement
6  Agreement ¶ 38(d).

7  9. The Court ORDERS Angeion Group, LLC. to issue payment for the approved Service
8  Payment to Plaintiff Linda Schied by no later than the later of: (1) the Effective Date of the
9  Settlement, or (2) ten (10) calendar days after Defendant transfers the gross settlement fund to it,
10  Settlement Agreement ¶ 38(d).

11  10. The Court ORDERS Defendant to provide a final class list, containing all information
12  necessary to calculate payments due and to pay class members according to the terms of the
13  settlement within 14 days;

14  11. The Court ORDERS Angeion Group, LLC. to issue payment for the approved
15  attorney's fees and costs to Class Counsel, by no later than the later of: (1) the Effective Date of
16  the Settlement, or (2) ten (10) calendar days after Defendant transfers the gross settlement fund to
17  it, Settlement Agreement ¶ 38(d).

18  Judgment consistent with the terms of the Settlement Agreement will be entered
19  separately.

20  **IT IS SO ORDERED.**

22  Dated: October 21, 2024

JOSEPH C. SPERO
United States Magistrate Judge